HALLOWELL et al., Respondents, v. PAGE, Appellant.*

1. A sheriff's return of process, regular on its face, is conclusive upon the parties to the suit ; its truth can be controverted only in an action against the sheriff for a false return.
2. Should a defendant permit the time for answering to expire, it is not an unsound exercise of discretion to refuse to permit him to file an answer not showing a meritorious defence to the action.
3. To entitle the holder of a dishonored bill of exchange to the damages allowed by the statute, it must be expressed to be " for value received."

*Appeal from St. Louis Court of Common Pleas.*

This was an action against D. D. Page, H. D. Bacon, T. Brown, and E. Wyman, as drawers of a bill of exchange. The bill was drawn by Page & Bacon, of St. Louis, which firm was composed of defendants, upon the Bank of America, New York,

* The following cases—Clark v. Page, Campbell v. Page, Tutt & Dougherty v. Page, Smith et al. v. Page, Chadbourne v. Page, Berry v. Page et al., Campbell v. Page et al.—decided at this term, involved the same questions determined in the case of Hallowell v. Page. Judge Leonard, being related to Mr. Brown, a member of the firm of Page & Bacon, was incapacitated to sit on the determination of certain of the above cases in which Mr. Brown was a party. The statute is peremptory. It should also have been noted in the report of the case of the City & County of St. Louis v, Alexander et al., 23 Mo. 428, that for the same reason Judge Leonard was incapacitated to sit on the determination of that case. The following list embraces, it is believed, all the cases decided at the March term, 1857, at the hearing of which Judge Leonard sat: The State v. McDonald, The State v. Moody, The State v. Timmerberg, The State v. Devlin, The State v. Rucker, City of St. Louis v. Jackson, Bouldin v. Page & Bacon, Clark v. Humphreys, Fagin v. Connolly, Biddle v. Boyce, Wainwright v. Rowland, Wesson v. Horner, Steamboat Virginia v. Kraft et al., Porter et al. v. Bobb, Grimm v. Gamache, Meyer v. Witter, Dunn v. North Missouri Railroad Co., Deickman v. McCormick, Peters v. St. Louis and Iron Mountain Railroad Co., Gilbert v. Boyd et al., Glasgow v. Nicholson.

Hallowell v. Page.

in favor of Morris L. Hallowell & Co.   Process was duly served upon Bacon, Brown and Wyman.   The sheriff made the following return :  "I further executed this writ on the 15th day of September, 1855, by leaving a copy of the writ and petition, as furnished by the clerk, at Daniel D. Page's usual place of abode, with a white person of his family over the age of fifteen years, in St. Louis county."   Bacon, Brown and Wyman answered, putting in issue the alleged presentment, refusal and notice, also the allegation that plaintiffs were partners under the name and style of Morris L. Hallowell & Co.   They also denied that plaintiffs were the legal holders and owners of the bill. Page moved the court to quash the return of the sheriff, or to require him to amend the same according to the facts, and filed an affidavit, stating therein in effect that a copy of the writ in said case was not left with any white member of his family above the age of fifteen years, as in the return of the sheriff to said writ is alleged ; that such copy was not left at his usual place of abode ; that at the time of the pretended service no member of his family was present in the county of St. Louis. He prayed to be permitted to establish these allegations by proof.   At the hearing of this motion to quash, the court refused to permit the plaintiff to prove the truth of the matters stated in the affidavit, and overruled the motion to quash the return of the sheriff ; whereupon said Page then moved the court for leave to enter his appearance, and file generally an answer in said cause within a reasonable time thereafter, no answer being then prepared.   The court overruled this motion, remarking that if an answer were prepared and shown to the court, it would then decide whether it should be filed, as it must be known whether the answer was to the merits before leave could be granted.   The defendants then asked leave to amend the answer already filed, by inserting therein the name of said Page so as to make it the joint answer of all the defendants. The court overruled the motion.   The court thereupon, on motion of plaintiffs, dismissed the cause as to Bacon, Brown and Wyman, and rendered judgment by default against Page.

Hallowell v. Page.

*N. D. & G. P. Strong*, for appellant.

I. The court should have quashed the sheriff's return, if it was false or irregular on its face. Its truth should have been inquired into when called in question at this early stage of the case. (Butts v. Francis, 4 Conn. 424; 8 Blackf. 179; Pollard v. Rogers, 1 Bibb, 473; St. John v. Tombeckbee Bank, 3 Stew. 146; Cunningham v. Mitchell, 4 Rand. 189; Thompson v. Morris, 2 B. Mon. 35; Dobbins v. Thompson, 4 Mo. 118; Blanton v. Jamison, 3 Mo. 39.)

II. The court should have allowed the defendant leave to answer, or at least have permitted the answer on file to be amended. The defendant Page was not in default strictly speaking. At the earliest moment he had filed his motion to quash the sheriff's return. The motion to quash, and proceedings thereon, was equivalent to a plea in abatement to the writ demurred to by plaintiffs, and demurrer sustained. In such a case the spirit of the practice act, if not to its letter, would require the court to permit the party, where plea was thus held bad, to answer over. (Sess. Acts, 1849, p. 80–5; R. C. 1855, p. 1237, § 40, 41, 42.) The answer filed did put in issue material facts, and the court should have permitted the amendment of it so as to make it the answer of Page as well as the other defendants. (Wales v. Chamblin, 19 Mo. 500; Davis v. Christy, 8 Mo. 569.)

III. The bill or check sued on does not contain the words "for value received," and is not such a bill as makes the drawer liable for ten per cent. damages on failure to pay. (R. C. 1845, p. 173, § 7; Riggs v. City of St. Louis, 7 Mo. 438.)

*Glover & Richardson*, for respondents.

I. As between the parties to a suit the sheriff's return is conclusive and can not be impeached. The court will not try on affidavits whether the return is false, even though a case of fraud is made out. (Gwinne on Sheriff, 473, and cases cited.)

II. After the defendant allowed the time for answering to expire, he could not claim the right to answer without showing a meritorious defence. He did not offer to file an answer, but

Hallowell v. Page.

asked for time for that purpose, which being refused, he then asked for leave to join in the answer of his co-defendants. This answer was purely technical. The only averment that touched upon a substantial defence was the denial that the plaintiffs were the legal holders of the bill, and the reason for that denial given in the answer was that the plaintiffs had endorsed the bill to J. Purnell. The reason is a bad one, for though they may have endorsed the bill, they afterwards had possession of it, and had the right to sue on it.

SCOTT, Judge, delivered the opinion of the court.

The defendant has no right to controvert the truth of the sheriff's return. That return was regular on its face, and its truth could only be impeached in a collateral action against the officer for its falsity. To permit the parties to an action to controvert the truth of the return of the officer deputed by law to serve the process would produce great delay and embarrassment in the administration of justice. Hence it is the general rule that, as between the parties to the process or their privies, the return is usually conclusive, and is not liable to collateral impeachment. This rule, it is said, is one necessary to secure the rights of the parties, and give validity and effect to the acts of ministerial officers, leaving the persons injured to their redress by an action for a false return. (2 Hill & Cowen's Notes, 1087, and cases cited.) None of the exceptions to this rule help this case.

As it did not appear from the affidavit of Page that he had any meritorious defence to the action, we can not say that the court, considering the time the application was made, exercised its discretion unsoundly in refusing him leave to file an answer, or in joining in the defence made by the other defendants, as it did not appear that their defence was a just and meritorious one. The party asked a favor and the court could impose terms.

As the bill or check sued on does not contain the words " for value received," and is not such a bill as makes the drawer liable for ten per cent. damages on failure to pay, the judgment

will be reversed, and such judgment as ought to have been entered below will be entered here, the respondents paying the costs of this court. Judge Ryland concurring ; Judge Leonard absent.

*N. D. & G. P. Strong*, for appellants.
*T. Polk*, for respondent.