DELINGER'S ADMINISTRATOR, Plaintiff in Error, v. HIGGINS, Defendant in Error.

1. A sheriff's return of process, regular on its face, is conclusive upon the parties to the suit; its truth can not be controverted by answer or otherwise in the suit in which it is made.

2. After a defendant has appeared and obtained time to answer and has answered, it is too late to object to the sufficiency of the return of service of process.

*Error to Cole Circuit Court.*

The facts are sufficiently set forth in the opinion of the court.

*Parsons*, for plaintiff in error.

I. The appearance of defendant and his asking leave to file his answer was a waiver of all defects in the writ or return. (1 Comst. 227.) The filing of the answer in accordance with the leave granted was unquestionably a cure of all defects in the sheriff's return. (Withers v. Rodgers, 24 Mo. 341; Powers v. Bowden, 13 Mo. 154.)

II. Although the issue tendered by the defendant's answer was immaterial, he having rested his case upon it and the jury having found against him, and he failing to move to set the verdict aside, he is now precluded from objecting to

the ruling of the court or the verdict of the jury upon the trial of the issue tendered by him.

III. But one trial by jury was contemplated by the practice act, and the defendant is not allowed to plead, first, to the jurisdiction and have that isssue tried, and afterwards answer to the merits and call another jury. After filing his answer, he is presumed to have waived all other defences not contained therein, and to have admitted all the allegations of the petition not controverted by his answer, except the defences specially excepted by the statute. The allegations of the plaintiff's petition standing thus admitted, it was the duty of the court to have let in the evidence offered by the plaintiff to prove the value of the hire of the slaves, so as to have been advised either by the finding the fact by the jury or of itself as to what relief should be rendered the plaintiff. The court erred therefore in excluding the evidence. After the verdict of the jury, the court should have rendered judgment for the plaintiff on the whole case. But the court, instead of so doing, committed manifest error in quashing the return and dismissing the suit. That a plaintiff, after recovering a verdict on the issues tendered by the defendants and with that verdict standing unobjected to, should be turned out of court for an alleged defect in the service of the original summons and his suit dismissed, is an anomaly in the law, at least to the younger members of the profession. The plaintiff was right in standing upon his case and in refusing to waive his rights by asking for an *alias* writ.

*Gardenhire*, for defendant in error.

I. It will hardly be contended that the service was sufficient. The statute expressly required the service to be by reading the writ to the defendant and delivering to him a copy of the petition, or by delivering him a copy of the petition and writ. (R. C. 1855, p. 1223, sec. 7.) The return shows the delivery of neither.

II. The statute provides that when the defendant is a resident of the state, suit shall be brought against him either

in the county within which he resides, or within the county in which the plaintiff resides and the defendant may be found. (R. C. 1855, p. 1220, sec. 1.) The court then had no jurisdiction over him unless the plaintiff found him in his county, and he could only find him by the sheriff, and prove the finding by a proper return when such finding was directly put in issue by an answer to the jurisdiction. That such answer was proper is plainly shown by the statute. It provides that the defendant may *demur* to the petition when it appears upon the face thereof that the court has no jurisdiction; and when it does not so appear, objection may be taken by way of answer. (R. C. 1855, p. 123, secs. 6, 10.) Now in this case the want of jurisdiction did not appear upon the face of the petition, but it resulted from the fact that the plaintiff did not find the defendant in his county—a finding made absolutely necessary by statute to give jurisdiction. Judgment ought therefore to have been rendered for defendant on the issue joined; but as it was not, the judgment afterwards rendered for him, on his motion to quash, the record plainly shows is for the right party.

III. Answering to the jurisdiction was no waiver of defendant's right to object to the sufficiency of the return. A plea to the jurisdiction, both under the old law and the new, is the first known in the order of pleading. (1 Chitty's Pl. 4401.) It waived nothing because there is nothing prior to it to waive.

RICHARDSON, Judge, delivered the opinion of the court.

The writ in this case was issued August 23, 1856, to the sheriff of Cole county, and was returnable to the next term, in February. At the adjourned February term, in May, 1857, leave was given to the defendant to answer thirty days before the next term, and on the 28th of July following an answer was filed. The answer purports to state matter only in abatement. It avers that at the commencement of the suit the plaintiff was a resident of Cole county and the de-

fendant a resident of Pettis county, and that he was not found in Cole county at the commencement of the suit nor since then. The issue as to the jurisdiction of the court, which it was assumed was presented by the answer, was tried by a jury, and the verdict was for the plaintiff. Afterwards, at the same term, the defendant filed a motion to quash the sheriff's return, which motion was sustained, and the plaintiff refusing to ask for an alias summons, the suit was dismissed. If neither of the parties had resided in Cole county—no matter what the officer's return had been, provided it has been in proper form—the objection to the jurisdiction could only have been presented by an answer; but the defendant conceded that the plaintiff resided in Cole county, and, no matter where he resided, the jurisdiction of the court attached, provided the summons was properly served and it appeared by the return that the defendant was found in Cole county. The question then was resolved into the sufficiency of the return. If the return was defective, it should have been quashed on motion before there was a general appearance, and then the plaintiff could have taken an *alias* or dismissed his suit. But if the return showed that the defendant was found, and was otherwise regular on its face, it could not be contradicted in this suit by answer or otherwise. (Page v. Hallowell, 24 Mo. 590.)

The answer presented immaterial issues. That the defendant resided in Pettis made no difference, if he was found in Cole; and, if the return stated that he was so found, the fact could not be disputed, and the only remedy was by an action against the sheriff for a false return.

It is too late to object to the return on a summons after a defendant has appeared and obtained time to answer, and afterwards answers either to the merits or in abatement. The objection, in proper form, to the sufficiency of a return, should be the first step taken by the defendant in a cause.

The other judges concurring, the judgment will be reversed and the cause remanded, with leave to the defendant to answer to the merits.