JOHN REEVES *et al.*, Appellants, *v.* LAVINA REEVES *et al.*, Respondents.

*Officer—Return.*—The return of an officer as to the execution of a process delivered to him cannot be questioned collaterally, but is conclusive upon the parties to the suit.

*Replevin.*—In an action upon a delivery bond it is immaterial, so far as the liability of the obligors is concerned, at what point of time the property came to the hands of the plaintiff, so that he acquired the possession by means of the suit prior to its final determination.

*Appeal from Madison Circuit Court.*

*Collier & Noell,* for appellants.

DRYDEN, Judge, delivered the opinion of the court.

This was a suit brought by John Reeves against Lavina Reeves, before a justice of the peace, for the recovery of the possession of a certain filly claimed by the plaintiff, under the third article of the act of 1855 regulating proceedings in justices' courts. The prescribed complaint and affidavit of the plaintiff were filed, and the justice made and delivered to the constable an order for the delivery of the property in conformity to the statute. Before service of the order on the defendant, the plaintiff delivered to the constable the following bond in the cause:

" John Reeves, plaintiff, against Lavina Reeves, defendant. Before Ansel Matthews, justice of the peace of St. François township. Bond.

" We undertake and are bound to the defendant, Lavina Reeves, in the sum of one hundred dollars, for the prosecution of the action in the above entitled cause, for the return to the defendant, Lavina Reeves, of the certain mare colt, two years old next spring, of a gray color, ordered to be delivered to the plaintiff, John Reeves, if return thereof be adjudged, and for the payment to her, the said defendant, of such sum as may for any cause growing out of the order in the cause be recovered against the plaintiff, and for the payment of all costs of suit. October the 17th, 1857.

(Signed)           JOHN ✕ REEVES,

                 JOHN BOSWELL,

              FRANCIS M. ✕ CARMACH."

The constable read the process to the defendant, but omitted to take and deliver the property to the plaintiff, as required by the order, but suffered it to remain in the possession of the defendant, taking her bond with security, conditioned " to have the property before the justice on the day fixed for the trial," and " for the delivery of it to the plaintiff, if it should be adjudged his property."

A trial was had, resulting in a verdict and judgment for the plaintiff. Afterwards, on the day of rendition of the judgment, the constable delivered the colt to the plaintiff. Seven days thereafter, the defendant appealed to the Circuit Court, where the case was tried anew, and in the progress of the trial, the plaintiff voluntarily dismissed the suit. Thereupon, the court, as provided by the fourteenth and fifteenth sections of said third article, (R. C. 1855, p. 937,) proceeded to assess the value of the property, and damages for the use of it, and rendered judgment against the plaintiff and his securities, Boswell and Carmach, for the filly or her assessed value, at the option of the defendant, and for double the damages assessed for her detention. Boswell and Carmach, the securities of the plaintiff, appealed to this court. On the inquisition of damages, the appellants proved by the constable who executed the justice's process, that, " when he went to take the property, the defendant refused to give it up, but locked it up in the stable, and he could not get it; that the defendant gave a bond to him for the delivery of the property on the trial at the return day of the writ. On the return day the cause was continued, and witness took another bond for its delivery of the defendant, Lavina Reeves, at the next law day, which bond is exhibited to the witness, and identified by him. On the day of trial, and after the trial and judgment of the justice in favor of the plaintiff for the possession of the property, he (witness) delivered the property to the plaintiff." The appellants then read in evidence the second delivery bond given by the defendant, the order of delivery, and the constable's return on the latter, which return is as follows:

3—VOL. XXXIII.

" Served the within by reading on the 30th of October, A. D. 1857, and by taking a bond for the delivery of the property. T. P. HAWKINS, *Constable.*"

" The within named colt delivered this, the 21st day of November, 1857, [date of judgment.]

T. P. HAWKINS, *Constable.*"

The appellants asked, and the court refused, the following declaration of law, and they excepted, to wit:

" The defendants [appellants] ask the court to declare, as a conclusion of law, that if the evidence in the case shows that after the plaintiff and his securities executed the bond read in evidence by defendants, the constable allowed the property to remain in possession of defendant and did not deliver it to plaintiff under the writ, and was prevented by threats from taking said property by defendants and others, but took bond from defendants for the delivery of the property on the trial and after the trial and a judgment for the plaintiff, the constable took the property and delivered it to the plaintiff in accordance with said judgment, then the securities, Carmach and Boswell, are not liable on said bond as such securities."

The only ground urged at the bar for the reversal of the judgment is the refusal of the court to make this declaration of the law as applicable to the case. It was properly refused.

The inquiry sought to be raised was as to whether the property in controversy had been delivered to the plaintiff under the original writ or under the judgment of the justice. This it was not competent to do. The constable's return, which was that the property was delivered under the writ, could not be questioned collaterally, but was conclusive upon the parties. (Hallowell et al. v. Page, 24 Mo. 590; Page v. Page & Bacon, 24 Mo. 395; Dellinger's adm'r v. Higgins, 26 Mo. 180.)

Again: the instruction assumes the law to be, that if the property was not delivered to the plaintiff until after the judgment of the justice, and because of the judgment, that the securities are not liable on the bond. The correctness of the

assumption is not conceded.   It is quite immaterial, so far as the liability of the obligors is concerned, at what point of time the property came to the hands of the plaintiff, so that he acquired the possession by means of the suit prior to the final determination of the litigation.

There was no error committed by the Circuit Court, and its judgment is therefore affirmed; the other judges concurring.