———o———

WILLIAM MAGREW Respondent, *vs.* JOHN D. FOSTER, Appellant.

1. *Practice, civil— Sheriff's returns—When amendable.—* Sheriff's returns may be amended at any time during the pendency of the suit, and it is not necessary that anything shall exist on the minutes or records to justify such amendments. They are even amendable at a subsequent term, on a proper state of facts, in support of the judgment.

2. *Practice, civil —Sheriff's returns —Contradiction of.—*A sheriff's return, that he has levied on certain property belonging to defendant, cannot be contradicted by the defendant in that suit by showing that he does not own the property.

3. *Practice, civil—Attachment—Defendant, how brought before the court.—* In attachment cases the law necessarily implies, that the defendant may be brought before the court, by personal, or other, service of the summons, if he reside, or can be found, in the State, or the suit may be proceeded in by publication.

*Appeal from Adair Circuit Court.*

*Thos. C. Fletcher, with Glover & Shepley,* for Appellant.

I. The defendant was not served with process within the territorial limits of the jurisdiction, but in Scott County. He did not appear. There was no authority to send writs there. (Fithian vs. Monks, 43 Mo., 502.) He was not served with the writ; did not appear, and the judgment could be only against the property attached. (1 Wagn. Stat., 188, 189.)

II. The new return of the sheriff was not such an amend-

ment as is contemplated by the statute. (Wagn. Stat., 1034, § 3.) It did not correct a mistake in any respect, and did change substantially the claim of plaintiff. Eighteen months had elapsed, two terms of the court had intervened, since the return of the writ. It was not conformed to the facts. (Webster vs. Blount, 39 Mo., 500; Thornton vs. Miskimmon, 48 Mo., 219.)

III. The levy constitutes part of the record. (Walsh vs. Agnew, 12 Mo., 520.) The reasons for making the new return do not appear of record: It was an entry *nunc pro tunc*, and the reasons for it must appear of record. (Gibson vs. Chouteau, 45 Mo., 171.)

*De France & Halliburton, and Barrow & Millan*, for Respondent.

I. The sheriff's return cannot be contradicted on a motion to quash an execution, and is conclusive as to the ownership of the attached property. (Kirksey vs. Bates, 1 Ala., 303; Miller vs. McMillen, 4 Ala., 527; Saunders vs. Columbus L. Ins. Co., 43 Miss., 583; Rowan vs. Lamb, 4 Green [Ia.], 468.)

II. The record recites that defendant was duly served with process a proper length of time before court, &c., &c. This is conclusive between the parties. (35 Mo., 233.)

Adams, Judge, delivered the opinion of the court.

This was a motion to quash two executions, which had been issued from the Adair Circuit Court on the same judgment to different counties. The judgment was a general judgment, and had been rendered in an attachment suit. The defendant lived in Scott County, and the attachment was issued from the Adair Circuit Court, and levied upon some lands as the property of the defendant situated in that county.

The return of the sheriff, as first made on the writ of attachment, was that he could not find any property of the defendant in Adair County whereon to levy the attachment, and that the defendant was not found in Adair County. At a subsequent term, or rather after two or three terms had elapsed, the sheriff was allowed to amend his return, and did in-

dorse a return as of the date of the first to the effect, that he had levied the attachment on certain lands of the defendant in Adair county, describing them in his return, and that defendant was not found in his county. Afterwards a writ of summons was issued in the case to Scott County, and duly served on the defendant. A judgment by default had been entered before the service of the summons. But this default was disregarded, and another default entered after service of the summons, which was afterwards regularly made final. An execution was issued to Adair County on the general judgment, requiring the attached lands to be first sold, and they were sold, but did not pay the judgment, and then the two executions in dispute were issued.

On the trial of the motion the defendant offered a deed in evidence, purporting to convey to another party the Adair lands that had been attached; but the court rejected the deed, and the defendant excepted. The motion to quash was overruled, and the defendant excepted and has brought the case here by appeal.

1. The first point raised is, that the sheriff could not amend his return at a subsequent term. This point must be ruled for the respondent. It has been the universal practice to allow sheriffs to amend their returns at any time during the pendency of the suit; and even after final judgment it may be permitted, on a proper state of facts, at a subsequent term, in support of the judgment. During the pendency of a suit, all the proceedings are considered as in the breast of the court, and proper entries may be made correcting errors at any time before final judgment.

They are not *nunc pro tunc* entries, although they may partake of that nature. It is not required that anything should exist on the minutes or records to justify such entries. The existence of outside facts is sufficient to justify corrections during the pendency of the suit.

2. The defendant had no right to contradict the sheriff's return by showing that the lands attached did not belong to him. (Hallowell vs. Page, 24 Mo., 590; Delinger vs. Hig-

gins, 26 Mo., 180.) Being attached as his property, the plaintiff, or other purchaser at execution sale, would have the right to claim them as such, and to contest the validity of any deed he may have made.

3. Suits by attachment are required to be brought in the county where the defendant's property may be found. (Wagn. Stat., 1005, § 2.) If the defendant has property in several counties, the suit may be brought in either, and counterpart attachments issued to the other counties in aid of the original attachment. In all cases, where the defendant does not reside in the county where the property is attached and the suit instituted, a summons may be issued for him to the county where he resides or may be found. As the law requires the suit to be brought in the county where the property is, it necessarily implies, that defendant may be brought before the court by personal, or other, service of a summons, if he reside in or can be found in the State.

Where the defendant is a non-resident, or cannot be found, and his property is attached, the suit may be proceeded in by order of publication.

There seems to be no error in the record. Judgment affirmed. The other judges concur.