# THE SUPREME COURT

OF

## THE STATE OF MISSOURI.

### OCTOBER TERM, 1876, AT JEFFERSON CITY.

[CONTINUED FROM VOL. LXIII.]

---

WILLIAM PHILLIPS, ALEXANDER NIMICK, J. M. BAILEY, DAVID
BORLAND AND HUGH McDONALD, Appellees, *vs.* WALKER EVANS,
HORACE B. FLETCHER AND BYRD EVANS, Appellants.

1. *Judgment not set aside for error, dehors the record, when.*—A judgment may be set
   aside at any time within three years from date of its rendition for irregularity
   patent of record, but not after lapse of the term for matter *dehors* the record,
   as, on the ground that defendant was dead at the commencement of the action.
2. *Practice, civil—Bill of exchange—Record.*—A bill of exchange sued upon and
   filed with the petition constitutes no part of it.
3. *Bills of exchange—Ten per cent. damages, when allowable without protest.*—
   *Semble*, that in suit on a bill of exchange expressing value received and
   drawn without the state by plaintiff, the holder, on defendant—who is acceptor—
   within this State, damages at ten per cent. are allowable notwithstanding want
   of protest. (Wagn. Stat., 215, 216, § 8.)
4. *Judgment—Remittitur—Informality in—Reversal—Jeofails, stat. of.*—A mere
   informality in the *remittitur* by the lower court of an excess in the amount of
   judgment will not authorize a reversal of the cause. The lower court will on
   motion cause the formal entry to be made without a remandment for that
   purpose. (Wagn. Stat., 1034, § 6.)

2—VOL. LXIV. 17

Phillips, et als., v. Evans, et als.

5. *Sheriff—Amendment of returns—Service—Omission of word "person"—Middle name of defendant.*—The recital in a sheriff's return served upon a "member of the family" etc. of defendant instead of upon a "person a member of the family" etc., or its insertion of the initial letter of a middle name when he has none, are immaterial, and may be amended. Amendments of returns are now authorized both by statute and an unbroken uniformity of decisions.

6. *Sheriff's return—Contradiction of—Amendment of—May be attacked in equity but not by motion.*—The return of an officer is conclusive as to the fact therein recited, except in an action for a false return. And on the same principle a proposed amendment to a return cannot be defeated by evidence contradicting such proposed amendment. Equity may interfere to prevent the perpetration of a fraud either by a consummated or by a contemplated amendment, but such interference cannot be invoked in aid of a motion.

7. *Practice, civil—Service of summons on member of the family.*—A return showing service of process on a defendant summoned subsequently to the first, by leaving a copy etc. with a "member of the family" (Wagn. Stat., 1007, § 7) is good.

8. *Executions—Two issued on same judgment and returnable to same term—Costs—Reversal.*—The mere fact that two executions are issued on the same judgment and returnable to the same term, where one is in fact returned before the issue of the other, and no harm will result save the costs of the additional issue, will furnish no ground for reversal.

9. *Practice, Supreme Court—Levy, mistake in—Appeal—Corrections—Reversal unnecessary, when.*—Where motion was made to quash the levy of an execution for the reason that the ground described therein was part only of that occupied by a building, and that sale under it would entail a ruinous sacrifice, and the case went up by appeal, it was held that as no sale had taken place under the levy, the circuit court should simply be directed to correct the error of description and that the cause need not be remanded for that purpose.

*Appeal from Pettis County Circuit Court.*

*E. J. Smith, arguendo,* cited: Bollinger vs. Chouteau, 20 Mo. 89; Coleman vs. McAnulty, 16 Mo. 173.

*Huston & Bothwell,* for Respondents, cited: Coleman vs. McAnulty, 16 Mo. 173; 19 Mo. 157; 1 Mo. 214; 39 Mo. 500; 46 Mo. 271; Wagn. Stat., 1872, 1034-5, §§ 3, 6, 7, 17; 20 Mo. 84; 43 Mo. 309; Duncan vs. Matney, 29 Mo. 369-76; Harrison vs. Cachelin, 36 Mo. 79-84.

SHERWOOD, Judge, delivered the opinion of the court.

Action on bill of exchange brought by plaintiffs under their firm name of Phillips, Nimick & Co., against defendants, sued as

the firm of Evans, Fletcher & Co., and as the acceptors of the bill.

A writ of summons for defendants, Walker Evans, Horace B. Fletcher and Byrd Evans, was issued December 15, 1874, returnable to the January term, 1875, of said court. The original return on said writ was in the following words:

" Served the within summons by delivering a copy together with a copy of the annexed petition to H. B. Fletcher (he being first served), and also by leaving a copy with a white member of the family of Walker G. Evans, over the age of fifteen years, at his usual place of abode, all in Pettis county, Missouri, on the 19th day of December, 1874. Byrd Evans served by leaving a copy of the summons with a member of the family over the age of fifteen years, at his usual place of abode in Pettis county.

" L. S. MURRAY.
" Sheriff Pettis County, Mo.

" By S. W. RITCHEY, Deputy."

At the return term of the writ defendants failing to appear, were defaulted and judgment accordingly went for the sum claimed in the petition, together with ten per cent. damages in addition to ordinary interest, etc.

At the time of its rendition, on motion and affidavit, execution issued, returnable to the next May term, 1875. This execution seems to have been returned on February 17, 1875, the return showing but a trivial credit arising from the sale of iron, etc., being a balance after satisfaction of another execution. A second execution issued on the 26th of the last named month, returnable also to the next ensuing term.

At that time the defendants appeared and moved to set aside the judgment and quash the execution then in the hands of the officer, alleging as reasons that two of the plaintiffs in whose name the action was brought, and in whose favor the judgment was rendered and execution issued, were dead at the commencement of the action, to-wit: William Phillips and Alexander Nimicks; also, that there was no proper service of the summons on either Walker or Byrd Evans, so as to give the court jurisdiction over them and no appearance by either of them; also, because ten per

cent. as damages on the amount of the bill of exchange sued on was included in the judgment, to which plaintiffs were not entitled ; also, because there are two executions issued on the same judgment, directed to the same officer, and both returnable to the same term of the court, and the proceedings were then being had under the second one.   On the hearing of said motion plaintiffs moved the court for leave for the sheriff to amend the return on the writ of summons, so as to show that the copy for Byrd Evans was left with a "white person," and that same was done December 19, 1874 ; to which defendants objected because if done it would make a false return and because it was asked in aid of a return already false in this:   It is not true that said Byrd Evans had, on the 19th of December, 1874, or ever had his usual place of abode, or any place of abode, in Pettis county, Missouri, all of which defendants offered to prove.   But the court would not permit defendants to prove said facts but allowed said amendments to be made.   The return was amended accordingly and plaintiffs entered an informal remittitur for $75, the amount wherein the judgment was to be alleged excessive in consequence of allowing ten per cent. damages.   The motion to set aside and quash was overruled.   Thereupon, defendants filed a motion to quash the levy and hold for naught the advertisement, and asking stay of the sale of the real estate so levied on, alleging as reasons that the property of defendants so levied on is a piece on Main street, in the city of Sedalia, 25 by 100 feet, entirely covered by a business house, and the sheriff has only levied on part of the same 20 by 100 feet and because said levy is uncertain, in that the property is levied on as the property of Evans and Fletcher, and the levy does not state which Evans, and the same is the common property of all the defendants, and because the same is true of the advertisement and because the advertisement does not follow the levy in this:   The levy describes the beginning point as 21 feet 10½ inches west of S. E. corner or block 28, in Sedalia, and in the advertisement describes the same as 25 feet 10½ inches west from said S. E. corner of block 28.   The levy was in the following words :

" By virtue and authority of this writ I hereby levy upon and seize the following described real estate, to-wit: Beginning at a point on the north line of Main street, twenty-one feet ten and one-half inches (25 feet 10½ inches) in a westerly direction from southeast corner of block number twenty-eight (28) in the city of Sedalia, Missouri; thence in a northerly direction and at right angles to said Main street one hundred (100) feet; thence westerly and parallel, with said Main street twenty (20) feet; thence southerly and parallel with first line one hundred (100) feet; thence easterly on north line of Main street twenty-five (25) feet to place of beginning, being part of lots four (4) and five (5) in block 28 in the city of Sedalia, Missouri, as the property of Evans, Fletcher & Co., all in Pettis county, this 27th of February, 1875.

" L. S. MURRAY, Sheriff.

" By S. W. RITCHEY, Deputy."

The advertisement gave notice that said property was levied on and would be sold by virtue of the execution in this case, and one in favor of Wm. Clark & Co. against the same defendants, Evans, Fletcher & Evans, but declared that the same was levied on as the property of " Evans & Fletcher," and described the same as follows: " Beginning at a point on the north line of Main street twenty-five feet ten and one-half inches in a westerly direction from the southeast corner of block twenty-eight in the city of Sedalia, Missouri; thence in a northerly direction and at right angles to said Main street one hundred feet; thence westerly and parallel with said Main street twenty-five feet; thence southerly and parallel with first line one hundred feet; thence easterly on north line of Main street, twenty-five feet to place of beginning, being part of lots four and five in block twenty-eight, in Sedalia, Pettis county, Missouri." On the hearing of the motion, defendants read in evidence the execution, levy and notice of sale. It was admitted that the property of defendants so levied on was a piece of ground on Main street in the city of Sedalia, 25 by 100 feet, and entirely covered with a brick business house worth six thousand dollars, and that the same was owned in common by all the defendants. The court overruled the motion. And defendants

having filed affidavit and bond, bring the case to this court by appeal.

## I.

Although a judgment may for irregularity be set aside at any time within three years (Wagn. Stat., 1062, § 26), yet such irregularity must be one patent of record and cannot be shown by matter *dehors* the record.    This renders evidence showing that two of the plaintiffs were dead at the commencement of the action entirely unimportant and inadmissible, and no error could have been committed had the absolute rejection of such evidence, instead of the reception of that of a contrary character, also occurred.    After the term has passed, the court cannot be compelled to review the evidence upon which the judgment was given ; and as the bill of exchange constituted no part of the petition, and as the amounts of the judgments did not exceed that claimed in petition, there was no apparent irregularity which could be the subject of a motion (Chambers vs. Carthel, 35 Mo. 374 ; Brackett vs. Brackett, 61 Mo. 221).

## II.

But as the bill of exchange expresses value received and was drawn on persons within this State by the plaintiffs—the holders—without this State, but within the United States; and as defendants are acceptors, it would seem under the provisions of the statute (Wagn. Stat., 215, § 8), that ten per cent. damages are allowable—and this notwithstanding that no protest had occurred.

## III.

Granting, however, that the amount of the judgment exceeded that prayed for in the petition, the alleged excess was remitted, and though this was informally done, any informality in this regard would not warrant a reversal, since the lower court, on its attention being called thereto, will cause the proper and formal entry to be made.    Our statute of jeofails is specially applicable to informalities of this sort (Wagn. Stat., 1034, § 6 ; Id. 1036-7, §§ 19, 20).    Errors, unless materially affecting the merits are not reversible errors (Wagn. Stat., 1067, § 33).

## IV.

The amendment of returns is expressly authorized by legislative enactment (§ 6, *supra*, and § 17, 1035-6) and to the same effect is the now unbroken uniformity of our decisions (Blaisdell vs. St. Bt. Wm. Pope, 19 Mo. 157 ; Corby vs. Burnes, 36 Mo. 194 ; Webster vs. Blount, 39 Mo. 500 ; Weber vs. Weber, 49 Mo. 45), so that any defects in the return as originally made were cured by the amendment which the court allowed, and the objections that Walker Evans is not described as the defendant, or that he is designated as Walker G. Evans, or that the writ was not left with a person, are absolutely frivolous.

The middle letter is no part of the name.    (Smith vs. Ross, 7 Mo. 463 ; Franklin vs. Talmadge, 5 Johns. 84 ; State vs. Martin, 10 Mo. 391).    Its insertion or absence does not affect the question of identity one way or the other; and identity of name is *prima facie* identity of person (State vs. Moore, 61 Mo. 276, and cas. cit.), and " member of the family," &c., is equally effective a designation as though "person," &c., were used.

## V.

The return of the officer is conclusive as to the facts therein recited, except in an action for a false return.    (Hallowell vs. Page, 24 Mo. 590 ; Dellinger's Adm. vs. Higgins, 26 Mo. 180 ; Reeves vs. Reeves, 33 Mo. 28 ; Jeffries vs. Wright, 51 Mo. 215.) And the same reasons which would forbid any contradiction of the returns when made, must operate with equal and controlling potency in precluding evidence to show that a proposed amendment is untrue.

The action of the court below, therefore, in the rejection of evidence in the particular mentioned, will be held correct.    The foregoing remarks are, however, to be restricted to purely legal proceedings.    For the arm of a court of equity is not too short to throttle a fraud, consummated, or contemplated, having for its basis either a return originally false or one to be made so by a proposed amendment, and this is the view taken elsewhere. (Walker vs. Robbins, 14 How. [U. S.], 584 ; Ridgeway vs. Bank of Tenn., 11 Humph., 523 ; Freem. on Judg. 5, 495.)    But equitable interposition of this sort cannot be invoked in aid of a

motion. (Hull vs. Sherwood, 59 Mo. 172.) And this shows in addition to the reason already urged, the correctness of the refusal to permit the falsity of the proposed amendment to be established.

## VI.

The last objection made to the return in respect to service on Byrd Evans is equally futile as those already considered, relative to that on Walker Evans. Because the statute (Wagn. Stat., 599, § 60) provided that "the place where any person having no family shall generally lodge, shall be deemed the place of abode of such person," etc. But if the construction contended for by defendants be literally correct, that the writs should be left "with some white person of *his* family," then it must follow that constructive service on one "having no family," would be simply impossible.

## VII.

In relation to the second execution, it certainly was irregularly issued, for the levy made thereunder could just as well have been made under the first. But inasmuch as the latter had been returned prior to the issuance of the second, no hurt could result to the defendants save by reason of the additional cost incident to such issuance, and this the trial court must see to if a sale takes place.

## VIII.

If a sale had taken place under the levy, the consequences could not have been otherwise than injurious to the defendants. They are, it is conceded, owners in common of a piece of ground on Main street 25 by 100 feet, and this space is entirely covered by a brick business house worth $6,000; but the levy does not embrace the whole house, but omits at least four feet in width— the entire length of the house. Under such circumstances it needs no argument to show that nothing short of a ruinous sacrifice could attend the sale. Courts should not permit their final process to be abused in this way. Since, however, no sale has taken place, and as mistakes in the levy and errors in the advertisement can be corrected before a sale does occur, we shall not reverse on that account, but while affirming the judgment direct the court below to have proper corrections made.

Judge Napton absent; the other judges concur.