WHETSTONE v. SHAW, *Appellant.*

1. **Interest**: REMITTITUR. Error in an instruction authorizing the allowance of excessive interest will be cured by a *remittitur* of the excess.

2. **Instructions**. It is no error to refuse an instruction when the principle it announces is fully and clearly declared in one that is given.

3. **Dissolved Partnership**: REMEDY OF LATE PARTNERS. Where a partnership has been dissolved and the partners have accounted with each other as to everything except one item, one may maintain an action at law against the other for his share of that item.

4. ——: ——: PRACTICE. Even if a proceeding in equity for an accounting were the plaintiff's proper remedy, yet if the case was tried in the lower court by both parties on the theory that an action at law was the proper remedy, it is too late to raise an objection on that score for the first time when the case has reached the Supreme Court.

*Appeal from Bates Circuit Court.*—HON. WM. S. SHIRK, Judge.

AFFIRMED.

*T. J. Galloway* and *W. P. Johnson* for appellant.

*C. C. Bassett* for respondent.

NORTON, J.—Plaintiff, Whetstone, claims in his petition, that he and defendant, Shaw, jointly purchased of one Wilson, a note of one Pickett, amounting to $1,998.20, and each paid half of the purchase money. Said note was secured by deed of trust on real estate. Plaintiff alleges that defendant, without the consent or authority of plaintiff, afterwards surrendered said note to said Pickett; and took another note from Pickett in the name of Shaw alone, and appropriated the whole amount thereof to his own use, and failed to account to plaintiff for any part thereof. Whetstone claims that he is entitled to one-half of the Pickett note, so purchased from said Wilson, together with interest thereon.

All the allegations of the petition are denied by defendant in his answer, and it is therein alleged that about the 31st day of January, 1872, plaintiff and defendant entered into partnership for the purpose of doing a general trading business in stock, notes and general business matters, that in transacting business under their firm name of Shaw & Whetstone, they borrowed various sums of money and purchased notes, and among them was one purchased from J E. Wilson, executed by Pickett for $1,650; that plaintiff being indebted to said firm by reason of certain checks drawn by him on the deposits of the firm and applied to his own use, assigned all his interest in said Pickett note to defendant, whereby he became the absolute owner thereof. For a further defense it is alleged that on the 25th day of October, 1873, said partnership was dissolved, and plaintiff and defendant each accounted with the other, and the said defendant settled with said plaintiff concerning all the dealings of said firm, and concerning all the accounts, debts and credits existing between them; that upon said accounting and settlement, a balance was

found due plaintiff which defendant then paid in full of all and every sum of money due plaintiff from defendant on account of all and every one of their dealings as partners or otherwise, and that said payment was accepted by said plaintiff as a full, final and complete settlement of their dealings and partnership transactions.

Plaintiff in his replication denies that he was indebted to the said firm as charged in the answer, or that he as-signed to defendant his interest in the Pickett note. He admits the dissolution of the partnership and that plaintiff and defendant proceeded to account with each other, and that defendant accounted with plaintiff concerning all the dealings of the said partnership, except the said Pickett note, which he avers was not included in said accounting and settlement. The cause was tried upon these issues and plaintiff obtained judgment for $1,330.75, from which the defendant has appealed to this court.

As the principal questions presented for our consider-ation arise out of the action of the court in giving and re-fusing instructions we here insert them. Those given for plaintiff are as follows:

1. "If the jury believe from the evidence that the plaintiff and the defendant jointly purchased the note described in the pleadings from J. E. Wilson, upon Mitch-ell Pickett, and jointly borrowed the money to purchase said note, and that the plaintiff, Whetstone, paid the full half value thereof and was equally interested therein with the defendant, Shaw, and entitled to one-half of the pro-ceeds thereof, that the said Shaw converted the entire amount of the said note to his own use and failed to ac-count for and pay over to the said Whetstone his proper proportion thereof, then the jury will find for the plaintiff, and assess his damages at the amount so found to have been converted by the said Shaw, together with the inter-est thereon, at the rate of ten per cent. per annum, from the time they may find that the said Shaw converted the same to his own use."

37—70

2.   "If the jury believe from the evidence that Whet-stone and Shaw were jointly and equally interested in the said Pickett note prior to the 6th day of December, 1872, and that the said Shaw at that time took a new note from the said Pickett, and also a deed of trust to secure the same in his own name, and did not include the said Whet-stone in said note or deed of trust; then the fact of the said Shaw having so taken the said note and deed of trust in his own name is evidence proper to be considered by the jury of the said conversion of the said note by the said Shaw, unless the jury further believe that said note was taken in the name of Shaw by the authority and with the consent of the said Whetstone.

3.   The court instructs the jury that although a re-ceipt may have been given by plaintiff to defendant for a balance in full of partnership settlement yet if the note in dispute was not considered in the accounting and settle-ment in which the receipt was given, it is no bar to the recovery of plaintiff in this cause."   The court gave the following instructions for the defendant:

1.   "It devolves upon the plaintiff to make out his case by affirmative evidence, and unless the jury are satis-fied by a preponderance of the evidence that the defendant is indebted to plaintiff in manner and form as set out in the petition, they will find for defendant.

2.   The receipt read in evidence by defendant, signed by A. Whetstone, being in full of all partnership business and final settlement between them, is conclusive on that point under the issues in this case, unless the jury are further satisfied from the evidence that the Pickett note was not included in said settlement and receipt.

3.   If any witness has willfully sworn falsely upon any material matter the jury are at liberty to disregard his whole testimony.

4.   The court instructs the jury on the part of the de-fendant that if they believe from the evidence that the note known in this case as the Pickett note was included

in the settlement made between Shaw and Whetstone, then the settlement is a bar. to this suit, and the jury will find for the defendant."

And the court refused the following instruction upon the part of defendant :

5. "The court further instructs the jury that the burden of proving that the note was not included in the settlement made and receipt given is upon the plaintiff, and he must show by a preponderance of evidence that said note was not so included before he can recover in this action."

It is contended that the first instruction given on behalf of plaintiff is erroneous because it directs the jury

1. INTEREST: remit- to compute interest on plaintiff's demand at
titur. the rate of ten per cent. instead of six. This, if it be an error, we think was fully cured by the entry of record made by the trial court showing that plaintiff had entered a *remittitur* for the sum of $132.75, it being four per cent. in excess of six per cent. interest computed in said judgment. The record further shows upon the entry of this *remittitur* that the judgment for $1,330.75 was set aside and a judgment was entered for the sum of $1,198 to which latter amount the judgment was reduced by reason of said *remittitur*. *Phillips et al. v. Evans*, 64 Mo. 17.

There was no error in the refusal of defendant's fifth instruction, because the same principle it contains had been

2. INSTRUCTIONS fully and clearly given in the first of defendant's instructions.

It is also insisted that the petition of plaintiff does not state a cause of action. We are of the opinion that the

3. DISSOLVED PART- petition is sufficient. Plaintiff sues as a joint
NERSHIP: remedy
of .ate partners. owner of a note which he charges defendant collected, and appropriated the entire proceeds to his own use, and asks judgment against defendant for his half of the amount. According to defendant's answer, which, among other things, alleges that the partnership between himself and plaintiff had been dissolved and the partner-

ship accounts fully settled, there was nothing for a court of equity to adjust. Plaintiff in his replication admitted the dissolution of the partnership and the settlement of all partnership accounts except this note, which was omitted.

As shown by the pleadings and instructions the case was tried on this theory and it is too late to raise the objection for the first time in this court, even if it were well founded, that a proceeding in equity to take an account between partners who had fully accounted with each other except as to one item, would have been the proper proceeding. Judgment affirmed, in which all concur.

4. ——; ——:
practice.