REGENT REALTY COMPANY, Defendant in Error,
v. ARMOUR PACKING COMPANY, Plaintiff in
Error.

### St. Louis Court of Appeals, April 18, 1905.

1. PROCESS: Return of Officer: Conclusiveness of Return. The
return of an officer to process, whether the service be personal
or constructive, is conclusive on the parties to the record and
as to all proceedings in the same case, and evidence dehors
the record is not admissible to contradict the return except in
an action against the officer for making a false return.

2. ———: ———: Interpretation. The return of an officer upon
his process should receive a reasonable and natural interpreta-
tion so as to give effect to its plain intent and meaning.

3. ———: ———: ———: Ambiguity. If a return has a double
meaning, is susceptible of two rational constructions, a motion
to quash it for irregularity should be sustained.

4. ———: ———: Surplusage. The return of an officer upon a
summons, in an action against the Armour Packing Company,
a corporation, recited that the return was served "on the within
named defendant, the Armour Packing Company (now Armour
& Co.) (a corporation)," etc., the words "Armour & Company"
are mere surplusage and should be rejected, and the return, be-
ing otherwise regular, should be held good on motion to quash.

Appeal from St. Louis City Circuit Court.—*Hon. John
A. Blevins,* Judge.

AFFIRMED.

*Thomas Bond* for defendant in error.

(1)   (a) It is the settled law of this State that the
return of a sheriff on process regular on its face and
showing the fact and mode of service is conclusive up-
on the parties to the suit. Its truth can be controverted
only in a direct action against the sheriff for false re-
turn.   Hallowell v. Page, 24 Mo. 590; Smoot v. Judd,
83 S. W. 484; Decker v. Armstrong, 87 Mo. 316; State
v. O'Neil, 4 Mo. App. 221; Phillips v. Evans, 64 Mo. 23;

State ex rel. v. Finn, 100 Mo. 429; Heath v. Railway 83 Mo. 617; McDonald v. Leewright, 31 Mo. 29; Delinger v. Higgins, 26 Mo. 183; Jeffries v. Wright, 51 Mo. 215; Anthony v. Bartholomew, 69 Mo. 194; 18 Encyclopedia of Pleading and Practice, p. 965. (b) And the above rule applies whether the return be made upon personal or constructive service. Stewart v. Stringer, 41 Mo. 405; Bank v. Suman, 79 Mo. 527. (c) And in cases of constructive service on a corporation through an agent, the return is conclusive upon the defendant, not only as to the time, place and manner of service, but also as to the agency. Davis v. Southeastern Line, 126 Mo. 69, 28 S. W. 965; Heath v. Railway Co., 83 Mo. 624; Newcomb v. Railroad, 182 Mo. 687, 81 S. W. 1069. (2) The return should receive a reasonable and natural interpretation. It must be fairly construed and effect be given to its plain intent and meaning, and that construction should always be adopted which shows the officer to have performed his duty. State ex rel. v. Still, 11 Mo. App. 283; Howard v. Still, 14 Mo. App. 583; 18 Encyclopedia of Pleading and Practice, p. 965 and cases cited. (3) The return made by the officer in this case is in strict conformity with the statute and constitutes valid service upon the defendant. To recite that the writ was served upon the "within named defendant, the Armour Packing Co. (now Armour & Co.)" means just what it says that the Armour Packing Co. was served, and the further recitals that the writ was served "by delivering a copy of the writ and petition to Mr. Boyd, manager of the said defendant corporation, he being in said defendant's usual business office and in charge thereof, etc.," makes it clear that it was the Armour Packing Company by its general manager that was served. The return is sufficient on its face. R. S. 1899, section 570. (4) The maxim *utile per inutile non vitiatur* applies to official returns; and additional words not affecting the validity of the return, and which are immate-

rial or unnecessary, may be stricken out. Jones v. Reefe, 3 Mo. 389; Confiscation Cases, 20 Wall. (U. S.) 110; 18 Ency. Pl. and Pr., 918.

*G. B. Webster* for plaintiff in error.

(1) Service upon a foreign corporation through a resident agent is constructive service. 1 Hunt Eq., ch. II sec. 1; Lush, Pr., 867; Black, Law Dic., p. 1132; Gamasche v. Smythe, 60 Mo. App. 161; Vickery v. Railroad, 93 Mo. App. 1. (2) In cases of constructive service on a corporation through an agent the return is not conclusive upon the defendant as to the agency. Wheeler v. Railroad, 24 Barb. 414; Forrest v. Railroad, 47 Fed. 1; Railroad v. Keep, 22 Ill. 9; Tel Co. v. Tel. Co., 28 Fed. 625. "If it is susceptible of two rational interpretations it is shorn of the conclusiveness which distinguishes an official return." Heath v. Railway, 83 Mo. 617; Railroad v. Ware, 74 Tex. 47.

(3) A return upon constructive service must be strictly construed, and it cannot be supported by presumptions or intendments. Charles v. Morrow, 99 Mo. 638; State ex rel. v. Staley, 76 Mo. 158; Harness v. Cravens, 126 Mo. 233, 28 S. W. 971.

(4) The facts stated in the return are insufficient to constitute valid service. To recite service upon "Armour Packing Company (now Armour & Company)" is an allegation that the writ was delivered to Armour & Company which the sheriff presumes to have been formerly Armour Packing Company. The officer cannot thus bind the defendant by his conclusion upon questions of fact and law. R. S. 1899, sec. 996; U. S. v. Tel. Co., 29 Fed. 17; Alderson, Jud. Writs & Proc., p. 579.

## STATEMENT.

We adopt the following statement from the brief of plaintiff in error:

"The defendant in error filed its petition in the circuit court of the city of St. Louis on the fifteenth day of February, 1904, and on the same day there was issued out of that court a writ in the usual form, commanding the sheriff to summon the plaintiff in error to appear at the following April term of the circuit court and answer the complaint. In due time the sheriff made return upon the writ as follows:

" 'Served this writ in the city of St. Louis, Missouri, on the within named defendant, the Armour Packing Company (now Armour & Co.) (a corporation) this seventeenth day of February, 1904, by delivering a copy of the writ and petition as furnished by the clerk to Mr. Boyd, manager of the said defendant corporation, he being in said defendant's usual business office and in charge thereof. The president or other chief officer of said defendant could not be found in the city of St. Louis at the time of service.

" 'JOSEPH F. DICKMANN, Sheriff,

" 'By T. WORLMANN, Deputy.'

"At the proper time the defendant below filed its motion to quash the return (appearing specially and for that purpose only) upon the ground that it was insufficient in law to confer upon the court jurisdiction of the person and because it was untrue in fact. When the motion came on to be heard the defendant offered and the court received in evidence the charter of Armour Packing Company and the charter of Armour & Company, showing them to be entirely separate and distinct corporate entities, and also the affidavits of Charles S. Pitkin, its secretary, and Charles Boyd, an employee of Armour & Company, on whom the writ was served. These affidavits are as follows:

" 'State of Missouri, City of St. Louis, ss.

" 'Charles Boyd, being first duly sworn on his oath says that he is manager of the branch house of Armour & Company in the said city of St. Louis; that the said Armour & Company is a corporation organized  under

the laws of the State of New Jersey and doing business in the State of Missouri under authority of the laws of the State of Missouri; that this affiant is not, and was not on the fifteenth day of February, 1904, nor has he at any time since been manager of the Armour Packing Company nor employed by the said Armour Packing Company, nor agent for Armour Packing Company nor otherwise connected with the said Armour Packing Company.

" 'CHARLES BOYD.

" 'Subscribed and sworn to before me this twelfth day of March, A. D., 1904.

" 'My commission expires June 30, 1907.

"LULU R. COLVIN,

" 'Notary Public.' "

" 'State of Missiouri, City of St. Louis, ss.

" 'Charles S. Pitkin, being first duly sworn, on his oath deposes and says that he is now and has been for more than one year last past secretary of Armour Packing Company, a corporation duly organized and now existing under the laws of the State of New Jersey, and has knowledge of the business and affairs of the said corporation, and of his own personal knowledge knows that the said corporation, Armour Packing Company, did not on the fifteenth day of February, 1904, have nor has it since had, an office or place of business within the city of St. Louis, Missouri, and was not engaged in the transaction of business in the said city nor is it now so engaged.

" 'CHARLES S. PITKIN.

" 'Subscribed and sworn to before me this eleventh day of March, A. D. 1904.

" 'My commission expires October 3, 1907.

" 'GEORGE T. GRISSOM,

" 'Notary Public.' "

To controvert this evidence defendant in error offered a number of letters from the Armour Packing Company, addressed to Malcolm Macbeth, 108 N. Eighth

Street, St. Louis, Mo., commencing with November 12, 1903, and ending January 9, 1904, by which letters it is shown that the Armour Packing Company occupied premises during this period at Osceola, Missouri, as a butter and egg depot.

For the purposes of the motion it was admitted by plaintiff in error that all the shares of the capital stock of the corporation, Armour Packing Company, except a few, are held and owned by the corporation Armour & Company. The court overruled the motion to quash the return, the Armour Packing Company declined to appear to the merits, and judgment by default was rendered against it. To reverse the judgment it sued out a writ of error from this court. The motion to quash and the evidence heard thereon were duly preserved by bill of exceptions filed in the case.

BLAND, P. J. (after stating the facts).—Plaintiff in error makes three points; first, that the service of summons upon a resident agent of a foreign corporation is constructive service; second, that constructive service so made is not conclusive on the corporation; third, that the return of the officer is susceptible of two rational interpretations and for this reason is irregular and insufficient to confer jurisdiction on the court.

The first point is conceded by the defendant in error.

In support of its second point, plaintiff in error cites the following authorities: Wheeler v. Railroad, 24 Barb. 414; Mineral Point Railroad Co. v. Keep, 22 Ill. 9; Forrest v. Railway, 47 Fed. Rep. 1; American Bell Telephone Co. v. Pan Electric Telephone Co., 28 Fed. Rep. 625.

In the Wheeler case it was held that the defendant corporation might contest the return of the officer by showing that it had an officer upon whom service under the law should have been made, but upon whom it was not made. In the Mineral Point Railroad case, the

Illinois Supreme Court held that the defendant corporation might show that A, upon whom service was made as the station agent of defendant ,was in fact not its station agent. In the Forrest case it was held that the certificate of a sheriff, that service had been made upon a person named as agent of the defendant corporation, is not conclusive that such a person was an agent and that the same might be contradicted, tried and determined as any other question  of fact upon an  issue raised by special plea to the jurisdiction. The question decided in the American Bell Telephone case has no bearing on the point under consideration.

To the contrary defendant in error cites the following Missouri cases: Stewart v. Stringer 41 Mo. 1. c. 104; Heath v. Railway, 83 Mo. 617; Newcomb v. Railroad, 182 Mo. 687; Smoot v. Judd, 83 S. W. (Mo.) 481; The State to use v. O'Neil, 4 Mo. App. 221.

In the Stewart case the return of the sheriff to the summons was constructive but is was irregular on its face.  In respect to the right to contradict the return, WAGNER, J., said: "The courts of some of the States have held that a sheriff's return is merely prima facie evidence of the  facts therein  stated; but the  law is firmly settled in this State that a defendant cannot controvert the truth of a sheriff's return. If the return of a sheriff to process is regular on its face, it is conclusive upon the parties to the suit, and the remedy for the party injured is an action against the sheriff for a false return."

In the Heath case, on a motion to quash an execution issued on a judgment by default, the defendant corporation offered to contradict the return of the officer to the summons, which recited service upon an agent of defendant, by showing  that all its property  had been taken from its managment and turned over to a receiver by order of a United States Circuit Court, and that at the time of the service of the  summons it had no agents, servants or employees in this State.  In respect

to this offer, the court, at page 623, said: "The rule of law prevailing in this State regards the return by an officer of the fact and mode of service of process, when appearing in due form of law, as conclusive upon the parties to the record in all proceedings, except an action against the officer for a false return."

In the Newcomb case the action was against a foreign corporation. The summons was served by the sheriff upon a resident of this State, stated in the return to be the agent of the defendant corporation. On a plea to the jurisdiction it was held; "The statements in the return of the sheriff, showing service of the summons on the agent of defendant, are, for the purposes of the suit, conclusive on the parties to it," and that affidavits offered by the defendant to contradict the statements in the return should have been ignored. In the case of State to use v. O'Neil, a like ruling was made.

In the Smoot case, MARSHALL, J., at page 484, said: "Ever since the decision of this court in Hallowell v. Page, 24 Mo. 590, the law has been uniformily declared in this State to be that 'the return of a sheriff on process regular on its face, and showing the fact and mode of service, is conclusive upon the parties to the suit. Its truth can be controverted only in a direct action against the sheriff for false return.' [Heath v. Railroad, 83 Mo. 617; Decker v. Armstrong, 87 Mo. 316; Phillips v. Evans, 64 Mo. loc. cit. 23; State ex rel, v. Finn, 100 Mo. 429, 13 S. W. 712; Delinger's Adm'r v. Higgins, 26 Mo. loc. cit. 183; McDonald v. Leewright, 31 Mo. 29, 77 Am. Dec. 631; Reeves v. Reeves, 33 Mo. 28; Stewart v. Stringer, 41 Mo. loc. cit. 404, 97 Am. Dec. 278; Jeffries v. Wright, 51 Mo. 215; Magraw v. Foster, 54 Mo. 258; Anthony, to Use, etc. v. Barthlow, 69 Mo. loc. cit. 194; Bank v. Suman's Adm'r, 79 Mo. loc. cit. 532 (in this case it was held that parol evidence was inadmissible, in aid or support of the return, to show service in fact, though not in the manner set out in the return, and was admissible against the return only in a suit

against the sheriff for a false return) ; Bank v. Gilpin, 105 Mo. loc. cit. 23, 16 S. W. 524; Feurt v. Caster, 174 Mo. loc. cit. 297, 73 S. W. 576.]"

Whatever may be the law elsewhere, we think the foregoing Missouri decisions have firmly established the law here to be that the return of an officer to process, whether the service be personal or constructive, is conclusive on the parties to the record and as to all proceedings in the same cause, and that evidence *dehors* the record is not admissible to contradict the return, except in an action against an officer for a false return; and we rule the second point against the plaintiff in error.

As supporting his third point, plaintiff in error invokes the rule that returns of service of process by an officer must be strictly construed. What is meant by strict construction in this regard is that the return cannot be aided by presumptions or intendments, that nothing can be presumed in favor of the return or read into it by intendment, that the return must show on its face that every requisite of the statute has been complied with. [Gamasch v. Smythe, 60 Mo. App. 161; Harness v. Cravens, 126 Mo. 233.]

In Davis v. Jacksonville Southeastern Line, 126 Mo. l. c. 76, the court, speaking of the construction of the terms of an officer's return to process said: "The return should receive a reasonable and natural interpretation. It must be fairly construed and effect be given to its plain intent and meaning." With this understanding of the rule to be applied to the construction of the return under review, the question arises, is it susceptible of two rational constructions? If it is, then it is irregular and the motion to quash should have been sustained on account of the irregularity. If the return has a double meaning its duplicity is caused by the insertion of the words "(Now Armour & Co.) (a corporation)." To the ordinary mind these words would indicate that the officer making the return was of the opinion or had been informed that the Armour Packing Com-

pany had been absorbed by and merged into another corporation known as the Armour Company. But it was no part of his duty to communicate this fact, if it was a fact, to the court through the medium of his return to the writ; nor is the statement in the return any evidence whatever of the fact that the defendant company has been merged into the Armour Company. These words are therefore of no validity whatever, nor do they have any meaning in the return, nor do they serve to explain or qualify the return. If the words had been left out the return would be regular and in strict compliance with the statute, therefore, we think they should be regarded as surplusage (State v. Watson, 141 Mo. 338) and the return interpreted as if they were not in it. If this be done plaintiff in error concedes the return to be sufficient. We rule plaintiff in error's third point against him which leads to an affirmance of the judgment.

The judgment is affirmed. All concur.