In re the MARRIAGE OF Betty Gail BUGG and Danny C. Bugg.

Betty Gail BUGG, Respondent,

v.

Danny C. BUGG, Appellant.

No. WD 31947.

Missouri Court of Appeals, Western District.

March 2, 1981.

Danny C. Bugg, pro se.

David L. Knight, Knight, Ford, Wright, Atwill & Parshall, Columbia, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

TURNAGE, Judge.

Danny Bugg appeals the denial of his petition for writ of coram nobis to set aside

a default dissolution of marriage judgment. Affirmed.

Betty Bugg filed a petition for dissolution of marriage in Boone County. The sheriff of Boone County made a return signed by Jenny Swank, a deputy sheriff, that Danny Bugg was served personally in Boone County on November 26, 1979. On February 4, 1980, the court took up Betty's petition as a default. However, Danny and his attorney appeared and for the first time leave was sought to file an answer out of time. The court allowed Danny to testify on this motion. His sole ground for failing to file an answer previously was his denial that he had ever been personally served. The court denied the motion for leave to file the answer and proceeded with the cause as a default even though opportunity was extended to Danny to testify, but he declined.

On February 15, through a new attorney, Danny filed a petition for writ of coram nobis to set aside the judgment of February 4 on the single ground that Danny had not, in fact, been served as the sheriff's return indicated. A hearing was held on this petition and on April 30 the court denied the petition.

On May 9 Danny filed a notice of appeal pro se complaining of both the judgment of February 4 and April 30. On this appeal Danny raises points pertaining to both judgments.

It is apparent the notice of appeal filed on May 9 was too late to serve as an appeal from the judgment of February 4, and this court does not have jurisdiction to consider any claim of error relating to that judgment. Rule 81.04; *Foster v. State*, 590 S.W.2d 912, 914 (Mo. banc 1979).

The rule concerning the conclusive nature of a sheriff's return is well stated in *O'Neill v. Winchester*, 505 S.W.2d 135, 136–7[2] (Mo.App.1974):

> The common law or verity rule that a sheriff's return of process is conclusive upon the parties to the suit has been the accepted rule in Missouri since *Hallowell v. Page*, 24 Mo. 590 (1857). An injured party must seek his remedy for false return against the sheriff on his bond.

Under this rule it is apparent that Danny cannot attack the sheriff's return and such return being regular on its face is conclusive. Nor can the return be questioned in a collateral proceeding such as coram nobis.

In *Germanese v. Champlin*, 540 S.W.2d 109 (Mo.App.1976) the court applied the verity rule to an action in coram nobis which sought to attack the sheriff's return. The court stated that a return of service regular on its face cannot be questioned by collateral attack. The bar to collateral attack was stated as early as *Reeves v. Reeves*, 33 Mo. 28, 30 (1862).

As stated in the above cases, Danny's only means of attacking the return of service in this case is a direct action against the sheriff on his bond.

The judgment is affirmed.

All concur.