Chief Justice Robertson
delivered the Opinion of the Court.
The relators sued Forrest as sheriff and others as his sureties, for alleged breaches of his official bond: first— in the failure of his deputy to sell some personal property upon which he had levied an execution, in- their favor, *442 against one Beam; and, secondly — in his “falsely (returning) thereon” — ‘•‘■not time to sell.”
The act authorizing a sheriff or other officer to summon a jury to try the right of property levied on, and claimed by a stranger,does not require him to take that course; the act is for the benefit of the officer who is not bound to avail himself of it, especially when he determines not to sell.
When an officer property!!after-wards finds that it is not subject to the execution, he should return those facts; otherwise, as if he returns levied, and ‘not sold for want of time,’ he will be liable as for a false return.
The defendants in the action pleaded, that, the relators had directed the deputy sheriff to levy their execution (and which he did accordingly levy,) on property in the possession of, and claimed and owned by, one Smock, a stranger, and that the property so levied on, was not subject to the execution.
The Circuit Court overruled a demurrer to that plea; and thereupon, the relators having refused to reply, judgment in bar of their action was rendered by the Court.
This appeal brings up that judgment for revision. ,
If the plea be true, as it must be admitted to be on demurrer, the deputy sheriff was not bound by law to sell the property. It was not his duty to commit a continued trespass by detaining and selling property which he had wrongfully taken; and therefore, neither he, nor the sheriff, was legally responsible for his failure to sell; non were the relators prejudiced thereby, in judgment of law — unless it was the duty of the deputy to summons a jury to try the right of property, so that (according to the statute of 1803,) he might be authorized to sell by the verdict of such a jury, or by the failure to agree on any verdict, or might require the execution of a sufficient bond of indemnity, by the execution creditors, in the event of a finding that the property was not subject to execution.
But we do not understand the statute of 1803 (2 Stat. Law, 1334,) as requiring a sheriff to empannel a jury to try the right of property on which he shall have levied a fieri facias. The right to have an inquisition is given for the security of the officer, and he may waive it, and the more especially if he determine not to sell the property. .
If, however, a sheriff, after levying an execution, shall convinced that the property levied on, is not subject to be sold under the process, and shall therefore deter *443 mine not to sell it, it would certainly be his duty to make a special return of the truth of the case; and for failing to do so, he. would be liable to an action for a breach of official obligation.
In an action on a sheriff s bond, for a breach .by the failure of a deputy to sell pro perty on which he had levied— the return not stating that it was property of the def t in the ex on, the defendants in the action are not es-top’dfrom pleading, that it was the property of a stranger, which is a good plea to that breach; but no answer to another breach, by a false return, of ‘not sold for want of time.’
An assignment of a breach alleging merely that the return on an ex’on was false, is insufficient: it must show how the return differs from the fact.
Two breaches assigned; plea& demurrer, & demurrer overruled: the plea being a good answer to one breach, and the other ill assigned —judgment affirmed.
The return made in this casé, may not have been, in any respect true; it was certainly, not the whole truth, according to the plea itself. But as the official report of the levy did not state that the property levied on was that of the defendant in the execution, the sheriff was not, in our opinion, estopped by it from pleading that the property was not subject to sale under the execution. And the plea was, therefore, in our judgment, a good response to the breach charged in not selling the'property.
But it was no response to the other breach — the alleged falsehood of the official return, that there was■ not time to sell. If that breach be well -.assigned, therefore, the plea was not good, or sufficient, to bar the action.
But the demurrer to the plea virtually subjected the declaration to the same ordeal; and we are of the opinion that the averment concerning the falsehood of the official return was substantially defective, and required no traverse or response. It does not allege such facts as, if true, would show that the return was false; but it only avers that the return ivas false — without even suggesting any particular in which it was false. Such an allegation is too indefinite, and is moreover, only a deduction, by the relators themselves, from facts not disclosed in their count.
Wherefore, as the last breach was insufficient, the demurrer to the plea ought not to have been sustained, merely because it contained nothing which would have been a good response to that breach had it been well assigned. ,
And, consequently, as the plea was, in our opinion, sufficient to bar the first breach, the judgment on the demurrer, and in bar of the action upon failure to reply to the plea, is approved and affirmed.