# Evans *vs* Davis, &c.

### ERROR TO THE GREENUP CIRCUIT.

Case 94.

*April* 27.

*Sheriff's return. Justification. Levy of execution.*

JUDGE BRECK delivered the opinion of the Court.

The case stated.

THIS was an action of trespass brought by Evans against the defendants, Davis and Childerston, for taking and leading away a stallion, called Timoleon, the property of Evans, together with a leathern halter.

Pleadings.

Davis plead and justified the taking under two executions in his hands as a deputy Sheriff, one in favor of Beaty and the other of Bradshaw, and both against Evans; that before the sale of the property under the executions, as was intended, the horse died, and without fault on the part of him, the said Davis; that after the horse died, Beaty stayed his execution, and the halter was tendered to Evans, which he refused to receive. The taking was justified under both and each of the executions.

Childerston plead and relied on same matter set up in the pleas of Davis, and that he acted under his authority as Sheriff.

The jury found for the defendants, and Evans prosecutes this writ of error.

The executions bear date the 15th July, 1841, and were made returnable in September following.

On the execution of Beaty, Davis returned, that it came to hand on 15th July, 1841, and not executed, according to order of plaintiff. Upon the execution of Bradshaw, he returned, came to hand 15th July, 1841, and levied upon and sold one bay mare on three months credit, and balance replevied.

It appears the horse was taken by Davis and Childerston on the 10th August, 1841, and died on the 19th or 20th same month. That suitable and particular attention was paid to him by the defendants.

Several witnesses prove that they saw advertisements upon the Clerk's office or Court house, for the sale of the horse, &c. to satisfy the execution of Beaty, &c. and signed by Davis as deputy Sheriff. Testimony was also adduced, conducing to prove the other matters relied upon in the pleas. It was admitted that Childerston was the assignor of Bradshaw, upon the note, upon which the judgment was rendered, on which the execution in his name issued.

The only questions for consideration are, whether the Court, under such a state of the evidence, correctly expounded the law.

The Court refused, on motion of plaintiff, to instruct the jury that the return of Davis, upon the executions, was conclusive as to him, and that from the evidence, both the defendants were not justified in taking the horse and halter.

On motion of defendants the Court gave these instructions: That if they believed from the evidence, that Davis levied both or either of the executions upon the horse and halter, they must find for them.

2ndly. That Davis having the execution in his hands, the horse and halter in his possession, and the advertisements of them for sale under one or both of the executions, if they believed these facts to be proved, were sufficient evidence that he had levied said executions, or one of them, upon the horse and halter.

*Margin notes:*

Evans
*vs*
Davis &c.

Verdict &c.

The proof in the cause.

Instructions refused to plaintiffs.

Instructions given for defendant.

Sheriffs as a general rule, not permitted to contra-
dict their own returns, but may
prove facts *de-
hors* their returns
not inconsistent
therewith.

To what extent the return of a Sheriff is conclusive
upon him, does not appear to be very definitely settled.
That he should be estopped from controverting facts em-
braced in his return, and which were within the sphere and
connected with the discharge of his duty, as a general
rule, must certainly be admitted. But although he would
not be permitted to controvert his official return, may he
not be permitted to prove facts *dehors* the return in rela-
tion to his action under the execution, and which do not
conflict, but are consistent with it? If he has not return-
ed every thing he has done under an execution, may he
not, by parol, supply the omission? A Sheriff returns
an execution *executed*, and is sued as a trespasser, would
he be precluded by his return from showing that the tres-
pass complained of was the sale of property legally made
under such execution? We think not. Sheriffs, for their
own security, ought to return the truth or facts of the
case; but the rule would be rigorous and oppressive to
confine them exclusively, in all cases, to the facts set
forth in their return. In this case the Court permitted
the Sheriff, in his justification, to prove other facts than
those set forth in his return, but which are not contradict-
ed by it. He proves that he had the executions; that he
took the property publicly, advertised it for sale, put it
into the possession of an horse-keeper, and advised Evans,
the defendant in the execution, of the fact, and invited
him to give a delivery bond for it. There is no testimony
or circumstance in the case, tending, in the slightest de-
gree, to prove that the Sheriff took the property in any
other way, or for any other purpose than under the execu-
tions, or that his conduct was arbitrary in the taking, or
improper in the disposition of it. Courts have long since
recognized the policy and the justice of indulging in pre-
sumptions in favor of Sheriffs and other public officers
having done their duty. Authority in support of the doc-
trine is abundant.

If property be
sold under exe-
cution, in the ab-
sence of a return
that it was levi-
ed on, the law
presumes a levy.

Property is sold under execution, and in the absence of
any return that it was levied upon, the law presumes a
levy: (11 *Johnson*, 515, and 19 *Johnson*, 347.)

With the executions in the hands of the Sheriff, and in
the absence of all testimony to the contrary, the law not

only presumes but makes the taking in this case a levy. To constitute it such, does not depend upon the use of *the term* itself. If then the property was levied on, the plaintiff could not maintain this action, and the instruction on that point was correct, as settled in *Lovier* vs *Gilpin*, (6 *Dana*, 321.)

In view of the whole case, we are of opinion the Court did not err in permitting the testimony to go to the jury, and that the law was correctly expounded in reference to its effect.

The judgment is, therefore, affirmed.

*Hord, Owsley & Goodloe* for plaintiff: *Beatty, Payne & Waller* for defendants.