Decker v. Armstrong.

DECKER v. ARMSTRONG *et al.. Appellants.*

1. **Process, Contradiction of Sheriff's Return Upon.** The return of a sheriff upon mesne or final process is generally conclusive upon the parties to the suit. His return upon an execution cannot be collaterally assailed, and so far as the particular cause is concerned, nothing can be alleged against the validity of the judgment by the parties thereto which is contradictory of the return ; nor can any rights acquired under such judgment be divested or disturbed

Decker v. Armstrong.

by disproving the return of the officer either upon the writs of sum-
mons or the execution.

2. ———: EXECUTION. In an action by an execution debtor against
the sheriff and his sureties for the value of property exempt from
execution, levied upon and sold by the sheriff, the latter may con-
tradict his return by showing that the property so levied upon and
sold was, in fact, that of the plaintiff in the execution and was by
mistake so levied upon and sold. Such contradiction cannot revive
the debt extinguished by the sale of the property and the applica-
tion of the proceeds to the credit of the execution debtor, nor can
the debt thus extinguished ever be revived in any collateral pro-
ceeding against the debtor. The execution debtor will not be
allowed to extinguish his debt by a sale of the execution creditor's
property and afterwards also recover the value of the property.

*Appeal from Franklin Circuit Court.*—HON. A. J.
SEAY, Judge.

REVERSED.

*Crews & Booth* for appellant.

That a sheriff's return is, under many circumstances,
and for many purposes conclusive, we admit, but the
logic of the position taken by respondent and the trial
court seems to be that such a return is of so cast-
iron a nature that in this case, not only is the execution
satisfied by the sale of property of execution creditor,
but he is also made liable in damages to the execution
debtor for the sale of property in which such debtor had
no interest. Thus by the sale of his own property, the
execution creditor loses the benefit of his judgment and
becomes liable in damages for the value of his own prop-
erty, seized and sold under an execution in his own favor.
This is so monstrous that it seems strange that any court
should have conceived such a notion of the character
and effect of a sheriff's return of an execution. And it
is not law. Bigelow on Estoppel (3 Ed.) pp. 494–5, and
note 1 to p. 495. The judgment, therefore, should be
reversed.

*John R. Martin* for respondent.

The court committed no error in striking out that part of defendants' answer which contradicted expressly the return of the officer. The return was conclusive upon both the plaintiff in execution and the officer. Freeman on Executions (1 Ed.) chap. 24, secs. 364–6, pp. .599–604; *Phillips et al. v. Evans et al.*, 64 Mo. 17; *Burgert et al. v. Borchert et al.*, 59 Mo. 80; *Stewart et al. v. Stringer et al.*, 41 Mo. 400; *Jeffries v. Wright*, 51 Mo. 215. The defendants certainly could not be permitted to show that the return of the officer as to the ownership of the property levied upon was false. The return shows that the property was levied upon as the property of respondent, was sold as her property, and was purchased as her property by an agent of appellant, Robinson. The petition alleges that the property was (prior to) the levy in possession of respondent, and was afterwards claimed by her as exempt from seizure, and this the answer does not deny. Nowhere in the proceeding is the property treated as belonging to any one but respondent, by any of the parties to the suit, or by the officer, and no claim is pretended to be made, adverse to her, until appellants are called upon to respond in damages for their wrongful act, when they attempt to escape liability by setting up that all the time they had been proceeding against their own property by mistake, whether of law or fact, we are not informed.

HENRY, C. J.—The plaintiff, in her petition, alleges that she was the head of a family and owner of three hundred bushels of wheat and no other property, and that defendant, Armstrong, as sheriff of Franklin county, on an execution in favor of his co-defendant, Robinson, issued on a judgment in favor of Robinson against her, levied upon said wheat, which was exempt from execu-

tion, and sold it to satisfy said execution, knowing that she was the head of a family, and that she owned no other property.

The defendants answered, denying plaintiff's ownership of the wheat, and averring that, when levied upon, it was the property of plaintiff Robinson, and by mistake of Robinson and his attorneys the sheriff was directed to levy upon the same. On motion, the court struck out the answer. The cause was then tried and the evidence for plaintiff was the sheriff's return on the execution, to the effect that on the twelfth day of August, 1880, he levied it upon the wheat in controversy, as the property of Mrs. Decker, the plaintiff, and on the thirtieth of August, 1880, sold it to one North for two hundred and sixty-four dollars, which, after deducting $15.80 costs, was credited on the execution. There was, also, evidence to prove that the value of the wheat was two hundred and sixty-four dollars. Plaintiff obtained a judgment for two hundred and sixty-four dollars, from which defendants have appealed, and the only question for determination is whether, in this action, defendants can deny the plaintiff's ownership of the property in controversy.

That the return of a sheriff upon mesne or final process is conclusive upon the parties to the suit, as a general proposition, is a rule settled by the authorities. Freeman on Executions, sec. 364; *Stewart v. Stringer*, 41 Mo. 400; *Jeffries v. Wright*, 51 Mo. 215; *Burgert v. Borchert*, 59 Mo. 80; *Phillips v. Evans*, 64 Mo. 17. The return of a sheriff upon an execution cannot be collaterally assailed, but by this it is meant that, so far as that particular cause is concerned, nothing can be alleged against the validity of the judgment, by the parties to the suit, which is contradictory of the return; nor can any rights acquired under such judgment be divested or disturbed by disproving the return of the officer, either

upon the writ of summons or the execution. There is, however, no public policy to be subserved by giving to such official acts any greater force and effect than this, while great injustice, as in this instance, might result from giving the principle a more extended application.

The proposed contradiction of the return in the case at bar will not affect any right of the defendant in that execution the plaintiff here acquired under the execution. It will not revive the debt against her, extinguished by the sale of the wheat in question, and the application of the proceeds to her credit; nor in any collateral proceeding can the debt thus extinguished ever be revived against her. By her demurrer to the answer she admits that the wheat was not hers—admits that it was the property of the plaintiff in that execution, and yet invokes the doctrine of the conclusiveness of the sheriff's return, not to protect her in any right she derived by virtue of the proceedings in that cause, but also to enable her, after having had her debt satisfied by the sale of her creditor's property, to recover from him and the sheriff the value of that property. It seems to me that the statement of the proposition carries with it its own refutation, and such an application of a doctrine, salutary within its proper bounds, would work such manifest injustice that it cannot be that the law will allow it. *Fuller v. Holden*, 4 Mass. 498; *Tyler v. Ulmer*, 12 Mass. 167.

The judgment is reversed and the cause remanded.