R. F. BULLER, Appellant, v. ELISHA WOODS *et al.,* Respondents

Kansas City Court of Appeals, February 2, 1891.

1. **Res Adjudicata;** SHERIFF'S RETURN: PURCHASER'S TITLE AT ATTACHMENT SALE NOT SUBJECT TO COLLATERAL ATTACK. The title of a purchaser of attached personal property, sold under the court's order as perishable, cannot be assailed in a collateral action, on the ground that the defendant in the attachment proceedings was not the owner at the date of the levy, or on the ground that such property was not in fact levied on, although so shown by the sheriff's return, and so found and declared by the court having jurisdiction of the attachment proceedings.

2. **Sheriff's Return :** AMENDMENT : IRREGULARITY NOT ASSAILABLE COLLATERALLY. A sheriff has, by leave of court, undoubted power to amend his return so as to conform to the facts, and the amended return takes the place of the imperfect one and gives validity to the proceedings therein ; and an irregularity, or error, in granting leave to amend cannot be called in question in a collateral proceeding.

3. **Abatement:** REVIVOR: SALE OF ATTACHED PROPERTY : IRREGULARITIES : JURISDICTION. An action for conversion does not abate on the death of the plaintiff, but continues a pending action, though there is an order that the action be revived in the name of the plaintiff's executors, unless the defendant in proper time show cause against such revivor ; and an order of sale of attached property during the currency of such order of revivor, is properly made, and, even if irregular, cannot be collaterally assailed. In attachment proceedings the court acquires jurisdiction of the *res* by the levy of the writ alone, regardless of an acquired jurisdiction over the person of the defendant.

*Appeal from the Jasper Circuit Court.*—HON. M. G. MCGREGOR, Judge.

REVERSED AND REMANDED.

*H. H. Harding,* for appellant.

( 1 ) The order of the sale of the ties made by the circuit court of Cedar county was an adjudication *in rem* and conclusive and binding upon all the world in the same manner and to the same effect as any other finding and adjudication of a court of competent jurisdiction. *Freeman v. Thompson,* 53 Mo. 183, 190; *Johnson v. Beasley,* 65 Mo. 250; *Gray v. Bowles,* 74 Mo. 423; *Lawrence County v. Hall,* 79 Ind. 359; *Brawley v. Ramsay,* 67 Mo. 280; *Dunham v. Wilfing,* 69 Mo. 355; *Rumfelt v. O'Brien,* 57 Mo. 570; *State v. Evans,* 83 Mo. 319; *Voorhees v. Bank,* 12 Pet. 419; Freem. Judgments, sec. 130, and cases cited. ( 2 ) And when the ties were sold under that order the title passed absolutely, and the money in the hands of the sheriff became a substitute for the ties. *Young v. Kellar,* 94 Mo. 581; *Yeoman v. Younger,* 83 Mo. 424. Under these authorities the court erred in overruling plaintiff's objections to the evidence as to title as between Bedwell and North and also in refusing plaintiff's seventh, eighth and ninth instructions. ( 3 ) The sheriff's amended return showed a valid attachment. He says he levied upon, seized and attached the ties and placed them in charge of C. C. Burrill and George Paul as his agents to take care of them. The language used necessarily implies that he took and kept them in his custody. Drake on Att., sec. 205. This return would have made him liable as a trespasser. Drake on Att., sec. 198. Moreover, where the articles are heavy and unmanageable, there is no necessity for an actual handling in order to constitute an attachment. Drake on Att., sec. 258; *Hemenway v. Wheeler,* 14 Pick. 408. The statutory requirements

as to levy should be liberally construed. *Lackey v. Siebert*, 23 Mo. 85. (4) The sheriff's return was *prima facie* evidence that he had made a legal levy upon the property, and the court's refusal to so instruct the jury was manifest error. It may be laid down as an unquestioned rule that the returns of sworn officers acting within the sphere of their official duty are always competent evidence, and are to be presumed to be correct, and that it is the policy of the law to extend every reasonable presumption in favor of sustaining the acts of officers making judicial sales. Drake on Att., sec. 210, and cases cited ; *Burgert v. Borchart*, 59 Mo. 85 ; *State ex rel. v. Still*, 11 Mo. App. 283 ; *Evans v. Roberson*, 92 Mo. 192, 198. And in this state it has been held that no rights acquired under a judgment can be diverted or disturbed by disproving the return of an officer. *Decker v. Armstrong*, 87 Mo. 316 ; *Claflin v. Rosenberg*, 42 Mo. 447 ; *State ex rel. v. Merritt*, 70 Mo. 275 ; *Stewart v. Berystrum*, 79 Mo. 524. (5) If the ties were to be inspected before being fully paid and were liable to be rejected if not good enough to pass inspection, then the title did not pass from Bedwell to North & Co. until they had been inspected, which the evidence shows was never done. Hence, they remained the property of Bedwell, and plaintiff's seventh instruction ought to have been given. The property does not pass as long as anything remains to be done to identify or disconnect it. 1 Pars. Cont. [1 Ed.] p. 527. And as to whether the sale has been completed or not is always a question for the jury. 1 Pars. Cont. [1 Ed.] p. 528 ; *DeRidder v. McKnight*, 13 Johns. 294.

*McReynolds & Halliburton* and *C. W. Blair* for respondents.

(1) The Cedar county circuit court had no authority to make the order for the sale of the ties at the time it was made for the following reasons : *First.* At the time the order of sale was made the sheriff's return did

not show a valid levy, did not show that he had the property in possession, nor what specific property he attempted to levy upon, and could not have been sued upon for conversion. R. S. 1889, sec. 543, par. 4; secs. 4918, 547, 548; *Fletcher v. Wear*, 81 Mo. 529; *Todd v. Railroad*, 33 Mo. App. 110; *Kreher v. Mason*, 33 Mo. App. 297. *Second.* The plaintiff in the suit was dead and the defendant had not appeared in the case or been served with process, and the case had not been revived in the name of legal representative of plaintiff; only a conditional order that it would be revived unless defendant showed cause to the contrary, so there was neither plaintiff nor defendant in court at the time the order was made. R. S. 1889, secs. 2196, 2197, 2198, 547, 548; *Harkness v. Dysart*, 36 Mo. 47; *Fine v. Gray*, 19 Mo. 33. (2) The sale under which plaintiffs claim title to the ties in the controversy was void for the reasons: The record shows that the ties in controversy were on the right of way of the railroad and were the property of and in the possession of defendant North, and that the sheriff of Polk county did not take actual possession of said ties or put any notice on them or move them or do anything with them in any manner that would notify outsiders of his attempted levy. And that the purchaser at the said sheriff's sale did not move them, put any notice on them or do anything to, or with, them that would notify persons of his claim; that the ties remained on the railroad right of way just as they were delivered to defendant North, until he sold and delivered them to the railroad company. *Norman v. Hook*, 37 Mo. 207; *Yeldell v. Stemmons*, 15 Mo. 443; *Douglass v. Orr*, 58 Mo. 573; *Sams v. Armstrong*, 8 Mo. App. 573; *Elliott v. Bowman*, 17 Mo. App. 697, par. 1; *Hombs v. Corbin*, 20 Mo. App. 503, par. 1; Drake on Attachments [4 Ed.] secs. 255-256, 257. (3) Defendant North could not be deprived of his ownership of the ties in a suit between other parties without the taking

of actual, visible and open possession of them by the officer and purchaser. Authorities, *supra;* Drake on Attachments [ 4 Ed.] secs. 255, 257; *Elliott v. Bowman,* 17 Mo. App. 697. ( 4) Defendants could, if necessary in their defense in this suit, contradict the return of the sheriff as to his levy upon the ties in controversy, and show just what he did in the matter of taking possession of the property. *Decker v. Armstrong,* 87 Mo. 319, and authorities *supra.* ( 5 ) To make the levy of the sheriff of Polk county valid as to defendant North he should have taken such custody of the ties as would have enabled him to retain and assert his power and control over the property, so that it could not possibly have been withdrawn or taken by another without his knowledge of it, which he did not do in this case. Drake on Attachments [ 4 Ed.] secs. 255, 256, 257; *Elliott v. Bowman,* 17 Mo. App. 697, par. 1.

GILL, J.—This is an action for damages for the alleged conversion of a large lot of railroad ties claimed by plaintiff as purchaser at a sheriff's sale under the order of the Cedar county circuit court, in an attachment case then pending, entitled Elisha Bedwell *v.* Creed Bedwell. The cause was submitted to a jury, who, under the court's instructions, found for defendants, and plaintiff appeals. There is no question that Creed Bedwell was the former owner of the ties in question. He got them out and deposited them in large piles along the line of the defendant, Kansas City, Fort Scott and Memphis Railroad Company, at a station called Donnegan's Springs, Polk county, Missouri. They were marked with Creed Bedwell's initials ( C. B.) and a cross mark ( x ), and each pile had his full name marked on one of the lot. While in this situation, Elisha Bedwell began in the Cedar county circuit court an attachment suit against said Creed Bedwell. Certain real estate in Cedar county was levied upon, and under another writ the sheriff of Polk county seized the

ties in question, and made return of the writ to the
Cedar county circuit court. Thereupon, at the March
term, 1888, the said circuit court, where said suit of
Bedwell v. Bedwell was pending, made the following
order for the sale of the ties so attached:

"Now at this day comes the plaintiff in the above
entitled cause by attorney and files his petition asking
for an order for the sale of the property heretofore
attached in this cause by the sheriff of Polk county.
And it appearing to the satisfaction of the court that on
the twenty-second day of November, 1887, by virtue of
a writ of attachment issued in this cause, directed to
the sheriff of Polk county, the said sheriff did attach,
as the property of the said Creed H. Bedwell, a large
number of railroad ties, marked "C. B. & X," situated
on or close to the line of the Gulf railroad at Burrell's
Crossing and at Dunnegan's Springs, and at the cross-
ing between Burrell's Crossing and Dunnegan's Springs,
in Polk county, Missouri, and that the said property is
likely to perish or depreciate greatly in value during
the pendency of the suit; it is, therefore, ordered by the
court that the said sheriff of Polk county sell the said
property without unnecessary delay at public auction
for cash, in the manner required by law for the sale of
personal property under executions, and that he report
his proceedings and have the proceeds of such sale
before the court at the next term."

Pursuant to this order the sheriff of Polk county
made public sale of the ties, and plaintiff became the
purchaser for the sum of $200 which was paid over to
said sheriff and said ties were delivered to plaintiff.
There seems no doubt that subsequently these defend-
ants took the ties. They were found in the yards of the
defendant's railroad, who refused on demand to deliver
them up, and hence plaintiff's action for the value
thereof.

Defendants, as matter of defense, claim, *first*, that,
when the ties were thus levied on in the attachment

suit against Creed Bedwell, they were not owned by
said Bedwell, but had been previously sold to parties
from whom the defendant railroad purchased them, and,
*second*, they assert ( contrary to the sheriff's return
and the order of court before granted ) that said sheriff
never, in fact, levied upon and seized the said ties.  On
trial of the cause, the circuit court, over the objections
of plaintiff's counsel, admitted evidence tending to sup-
port both the foregoing defenses.  This ruling of the
court, together with the following instructions given
( and which were duly objected to ), shows the theory
upon which the cause was tried.  The court, of its own
motion, gave to the jury the following instruction : "If
the jury believe from the evidence that the ties in con-
troversy belonged to Bedwell when attached by the
sheriff, then plaintiff acquired a good title thereto, and
if the defendants, or either of them, converted said ties
or any part of them to their own use, or assisted in
their conversion by any of the other defendants, the
jury should find the issue in favor of plaintiff against
any such defendant or defendants for the value of the
ties so converted by such defendant or defendants."

And   at   the   request   of   defendants   the   court
instructed the jury :  "That if they believe from the
evidence that the ties in controversy were placed on the
right of way of the railroad for North & Co., and that
they paid Bedwell for them, then they became the
property of North & Co., and plaintiff cannot recover,
unless the jury believe from the evidence that the
sheriff of Polk county took actual possession of said
ties under the writ of attachment in the case of Bedwell
*v.* Bedwell, and did such acts in connection with such
ties as to notify outsiders that the ties were in his pos-
session or under his control."

The court refused the following, as requested by
plaintiff :  "7.  The court instructs the jury that the
attachment and levy of the sheriff on the ties in ques-
tion, in the suit of Bedwell *v.* Bedwell, in the circuit court

of Cedar county, placed said ties in the custody and
control of said court, and that the order of sale of said
ties, as perishable property, and the sale thereunder,
by the sheriff of Polk county, to the plaintiff herein,
placed the title to said ties in the plaintiff, and the jury
will disregard all evidence as to ownership of said ties
as between Bedwell and North.''

"9.   If the jury believe from the evidence that the
circuit court of Cedar county made the order of sale
which has been read in evidence, and that the sheriff of
Polk county executed the said order in the manner
shown by his return thereto, which has been read in evi-
dence, and that, at the sale had under said order, the
plaintiff herein purchased the property here in contro-
versy, and paid the amount bid therefor to said sheriff,
and that said sheriff thereupon delivered the said
property to the plaintiff, then the sale so made to the
plaintiff vested in him the title and ownership of the
property, and the verdict of the jury should accord-
ingly be in his favor.''

I.   The question presented for decision here is
this :  Can the title of a purchaser of attached personal
property, sold under the court's order as perishable, be
assailed in a collateral action, on the ground that the
defendant in the attachment proceedings was not the
owner at the date of the levy,—or on the ground that
such property was not in fact levied on,—although so
shown by the sheriff's return, and so found and
declared by the court having jurisdiction of the attach-
ment proceedings ?   In our opinion, this query must be
answered in the negative, and we are sustained by the
following authorities :  *Freeman v. Thompson*, 53 Mo.
183 ;  *Kane v. McCown*, 55 Mo. 181 ;  *Rumfelt v.
O'Brien*, 57 Mo. 569 ;  *Brawley v. Ranney*, 67 Mo. 280 ;
*Johnson v. Beasley*, 65 Mo. 251 ;  *Yeoman v. Younger*,
83 Mo. 424 ;  *Decker v. Armstrong*, 87 Mo. 316 ; Free-
man on Judgments, sec. 130, *et seq.*

Yet this is just what was permitted at the trial of this cause. This property had been levied upon in the attachment case of Bedwell *v.* Bedwell as the property of the defendant. Such levy had been reported to the court, and "it appearing to the satisfaction of the court, that on the twenty-second day of November, 1887, by virtue of a writ of attachment · issued in this cause, directed to the sheriff of Polk county, the said sheriff did attach as the property of the said Creed H. Bedwell," the ties in question, "* * * and that the said property is likely to perish or depreciate greatly in value during the pendency of the suit, it is, therefore, ordered," etc. Here, then, was a finding and judgment of the court having jurisdiction of the attachment cause, which it is attempted to assail in this collateral action. The court there determined and announced the facts authorizing the order then made and they cannot be disputed here. "Nor can any rights acquired under such judgment (or order) be divested or disturbed by disproving the return of the officer," or by questioning the truth of the facts thus found.

In *Decker v. Armstrong, supra,* p. 319, "where attached property is sold under an order of court, because of its perishable nature, the purchaser takes the title good against the world." *Young v. Kellar,* 94 Mo. 581. It is there said (p. 599): "The right to change the form of the attached property into a different form, and to subject it, in its changed form to the lien of the attachment, must bear with it, as a necessary coincident, the right to give validity to the title arising from the sale, which brings about such an exchange of property." It follows then from the foregoing principles of law, that the court erroneously admitted the evidence tending to disprove Bedwell's title, as well as the evidence tending to disprove a valid levy. Erred, too, in giving the instructions quoted in statement of the case, and erred in refusing plaintiff's instructions, numbered 7 and 9.

II.   Defendant's counsel claim the order of sale invalid because of some undefined objection to the sheriff's return on the attachment writ.   In the first place we are not advised of any material defect in the sheriff's return.   Yet, if imperfect, it was by consent of the court subsequently amended ( which was entirely proper ), and when amended the perfect return took the place of the imperfect one, and gave validity to the proceedings therein.   The sheriff. had, by leave of the court, the undoubted power to amend his return so as to conform to the facts.   *Brecht v. Corley*, 7 Mo. App. 305 ; *Turner v. Railroad*, 78 Mo. 578 ; *Fransier v. Railroad*, 54 Mo. 189.   At all events, if such leave to amend the sheriff's return was improperly, or erroneously granted in the case of Bedwell *v.* Bedwell, it was a mere irregularity, or error, in that case, which cannot be called in question in this collateral action.

III.   Further contention is made that the order for sale of the attached property ( in Bedwell *v.* Bedwell ) was made after the death of the plaintiff in that action, and before the cause was fully revived.   It seems that the action was commenced in November, 1887, and was returnable to the March term, 1888, of the Cedar county circuit court.   After the institution of the suit and before the said March term, the plaintiff died, whereupon, on a suggestion made, the court ordered the said action to be revived and continued in name of the plaintiff's executor, unless the defendant in the proper time shows sufficient cause against such revivor, etc.   Then following this, and at the same time, the court on the petition of the said executor made the order for the sale of the attached property.   It seems to be defendant's contention that this order of sale could not legally be made until the time for showing cause against the revivor of the action had expired.   In the first place this point may be answered, as in last paragraph, that defendants in this suit cannot complain of mere errors or irregularities in the other case.   However, we are of

the opinion, that the court had full authority to make the order of sale, without waiting until the next term of the court, the time permitted defendants to show cause against the revival of the action. The action did not abate on the death of the plaintiff. R. S. 1879, sec. 3663. It was a pending cause when the order was made, and the court, clearly, had the power, under the statute, when properly advised, to order the sale, if in its opinion the attachment property was perishable or likely to depreciate in value. Such order indeed may be made even before the defendant is brought in. R. S. 1879, secs. 424, 425. The court acquired jurisdiction of the *res* by levy of the attachment writ alone, regardless of an acquired jurisdiction over the person of the defendant. We decide this point then against the defendants.

We have considered all the questions raised in counsel's briefs, and have, in this opinion, expressed our views on such as deserve mention. The judgment of the circuit court will be reversed, and the cause remanded for a new trial. The other judges concur.