THE STATE OF MISSOURI to the Use of HENRY B. DAVIS, Appellant, v. MARK S. SPRINGATE *et al.*, Respondents.

St. Louis Court of Appeals, December 6, 1892.

Executions: EXEMPTIONS: ESTOPPEL. When property levied upon under execution is not, in fact, the property of the execution debtor, he cannot hold the officer making the levy for refusing to allow him his statutory exemptions out of the same. Nor is the officer estopped by his return of the levy from showing the true title in justification of such refusal.

*Appeal from the Franklin Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Chas. F. Gallenkamp* and *Henry B. Davis*, for appellant.

*J. C. Kiskaddon*, for respondents.

ROMBAUER, P. J.—This is an action upon a constable's official bond, for breach of duty in failing to pay to plaintiff's assignor the statutory exemption from execution, to which such assignor was entitled. The trial resulted in a judgment for defendants.

It is needless to set the pleadings out in detail, as there is no controversy touching the facts, and

the only question arising on this appeal is whether plaintiff has shown any right of recovery under the pleadings and evidence.

It was admitted by the pleadings that the constable levied several executions against one Nortmann, on a stock of liquors. He advised Nortmann of his exemptions, and told him to claim them. Nortmann claimed no exemptions, whereupon the property was advertised for sale and sold. After the sale Nortmann served a writing on the constable, stating that he claimed $300 of the proceeds of the sale as exempt in lieu of other property exempt under the first and second subdivisions of section 4903, Revised Statutes of 1889. Other parties having in the meantime claimed the property as belonging to them and not to Nortmann, the constable declined to pay the $300 to Nortmann. The latter thereon assigned his exemption claims to the plaintiff, who brings this suit.

Upon the trial of this action Nortmann was called as a witness for plaintiff. He stated on his examination in chief that he was the head of a family, and had but one cow; that the stuff levied upon and sold was worth $1,000, and sold for $500; and that he assigned his exemptions to plaintiff Davis. On cross-examination he stated that the constable asked him whether he claimed anything, and that he told him the property levied on was not his, but belonged to the Nelson Distilling Company (the party who claimed it from the constable). He further testified as follows: "The stuff belonged to the Nelson Distilling Company under my chattel mortgage. I had given them everything. The stock I told you belonged to the Nelsons." And this was all the testimony upon the trial as to the true ownership of the property levied upon.

We lay out of view the proposition, that a debtor must claim his exemptions before the termination of

the judicial sale (*State ex rel. v. Emmerson*, 74 Mo. 607), and that this was admittedly not done in this case. We further concede to the plaintiff the benefit of the presumption, that goods levied upon as the property of Nortmann are; in an action against the constable, presumed to have been the property of Nortmann. Yet this presumption is rebutted by Nortmann's own evidence, given in behalf of the plaintiff, and the only direct evidence touching the ownership of the goods, to the effect that the property was not his but that of the Nelson Distilling Company. The sheriff himself is not concluded by his return, but may show, when sued, that the property claimed as exempt was not the property of the execution debtor. *Decker v. Armstrong*, 87 Mo. 316. On what principle an exemption debtor can recover against the officer for denying him exemptions in property, which he admits upon the trial was not his property at all, is not conceivable. The assignee can have no greater rights than his assignor.

Judgment affirmed. All the judges concur.