STATE OF MISSOURI *ex rel.* JOHN A. FULKS, Respondent, v. JOHN S. PRUITT *et al.*, Appellants.

St. Louis Court of Appeals, February 4, 1896.

1. **Executions**: EXEMPTIONS OUT OF PARTNERSHIP ASSETS.   Statutory exemptions are not allowable out of copartnership property, levied upon under an execution for indebtedness of the copartnership.

2. ————: EXEMPTIONS OUT OF PROPERTY FRAUDULENTLY TRANSFERRED. An officer, who is sued for his refusal to allow an execution debtor any exemptions out of the property levied upon under the execution, may show as a defense to the action that such debtor had sold the property previous to the levy; and if such sale was in fact consummated so that the title to the property passed, it is immaterial to the issues of the action whether it was made fraudulently or in good faith.

*Appeal from the Stoddard Circuit Court.*—HON. H. H. BEDFORD, Special Judge.

REVERSED AND REMANDED.

*C. L. Keaton* for appellants.

*W. C. Brown* and *J. L. Fort* for respondent.

ROMBAUER, P. J.—This is an action upon a constable's bond for levying upon and selling exempt property under an execution issued by a justice of the peace against the relator.   The cause was tried by the court without a jury, and there was judgment in favor of relator for the penalty of the bond with an award of

Fulks v. Pruitt.

$300 damages. Errors are assigned by the appellants on the exclusion of evidence offered by them, and on the giving and refusal of instructions.

The property levied on consisted of the contents of a country drug store. The judgment upon which the execution issued was rendered for a partnership debt of Fulks & Huggins, of which firm the relator was a member. The relator, on his cross-examination as a witness, was asked what he had stated at the sale about the ownership of the goods; the question was ruled out, and the defendants excepted. On the examination of other witnesses, both for the relator and defendants, testimony was ruled out which was offered for the purpose of showing that the relator had stated before the sale that he had sold the goods and that they were not his, and that other parties in presence of the relator claimed the goods as their own. Exceptions were saved to this ruling, and are pressed on this appeal.

These rulings were both erroneous and prejudicial. The defendant's answer was a general denial. An execution issued by a justice of the peace is a lien upon the personal property of the defendants in the execution from the time of its delivery to the constable. It was, therefore, competent for the defendants to show that at the date of the delivery of the writ in question the property levied on was partnership property, since it is the settled law of this state that the exemption laws do not extend to such property. *State ex rel. v. Spencer*, 64 Mo. 355. The relator's admissions, which were excluded, might have shown this fact. Moreover, the relator's admissions, and statements of other parties, made in his presence, had a tendency to show that the relator had disposed of the property, and that it was not his when sold upon execution. We know of no principle of law which enables one to claim an exemption in property of another. The officer in such a case

is not precluded by his return from showing that the property was not the property of the execution defendant.  *Decker v. Armstrong*, 87 Mo. 316; *State to use v. Springate*, 51 Mo. App. 619.

We need not go into a detailed examination of the instructions, as the same error runs through most of them.   Thus the third instruction for plaintiff tells the jury that, if the relator had fraudulently conveyed this property, either before or after the levy, he was still entitled to his exemptions in the property levied upon. Such is not the ruling in the case of *State to use v. Koch*, 47 Mo. App. 269, in which case I concurred in the result only.   The evidence in the case at bar tended to show that the relator by virtue of the alleged sale to Scott had parted with the possession of the property, and whether such sale was fraudulent, or was made in good faith, was wholly immaterial to the issues in this case.   The question was whether the sale was consummated by delivery.   If consummated, the title passed to Scott.   Scott is not a party to this proceeding. Will it be contended that the constable can be made liable to Scott because he levied on his property, and at the same time be made liable to the relator because the property was exempt as relator's property?   Such result could be reached only if the constable were precluded by the recitals of his return from showing that the property was not the property of the execution defendant.   Such, however, as above seen, is not the law of this state.   *Decker v. Armstrong, supra.*

What we have said will enable the court to retry the case in conformity with the propositions of law hereinabove approved.   In order that this may be done, the judgment is reversed and the cause remanded.   All the judges concur.