M'CARTHY, Respondent, v. O'MARR, Sheriff, Appellant.

[Submitted February 8, 1897.  Decided February 15, 1897.]

*Sheriff—Liability to Plaintiff on Sale of Property of Third Person.*

Under an execution against the property of "L," a sheriff sold personal property in her possession, but belonging to a third person, and which had been attached in the action; after the sale the sheriff learned that "L" did not own the property, and he then returned the money to the purchaser and the property to its owner, and made his return upon the execution in accordance with the facts. *Held*, that the sheriff was not liable to the judgment creditor for the amount realized at the sale.

*Appeal from District Court, Meagher County. F. K. Armstrong, Judge.*

Action by Tim McCarthy against James J. O'Marr. Judgment for plaintiff. Defendant appeals. Reversed.

Statement of the case by the justice delivering the opinion.

Assumpsit for money had and received. The complaint alleges that on May 22, 1893, the plaintiff, McCarthy, recovered a judgment before a justice of the peace against Emma Lyons for $40 and costs, and that on the same day execution was duly issued and delivered to the sheriff pursuant to law; that thereafter the defendant O'Marr, as sheriff, levied upon a piano as the property of Emma Lyons, and on June 9, 1893, sold the same to one Kidd for $143, but that defendant has neglected to pay the amount of the judgment to the plaintiff. The execution in the case of *McCarthy* v. *Lyons* contains the

usual and formal recitals, commanding the sheriff to make the sums due on the judgment in the suit of *McCarthy* v. *Lyons* out of the personal property of the debtor, and make return within 30 days after the receipt of the execution. The sheriff's return recited that he levied in due form upon a piano then in the possession of defendant's agent, in his county, and that on June 6, 1893, he sold the piano, and realized sufficient to pay the execution, with fees of levy and sale, "and thereupon I returned the money to the purchaser, as the property did not belong to the defendant." The sheriff's answer to the complaint was that, at the time the execution was issued and placed in his hands for service, the defendant had no property in his county, and had had no property therein since said execution, and that the piano mentioned in the complaint never was the property of the defendant named in the execution; that as sheriff, under the order and direction of the plaintiff, McCarthy, he levied upon and sold the piano under the execution, but that at the time of the levy and sale he had no knowledge that the piano did not belong to Emma Lyons, and that, immediately upon ascertaining that the same was not the property of said Emma Lyons, he notified the plaintiff to give him an indemnity bond to protect him on account of the sale of the piano, but that plaintiff did not ever or at all tender him any indemnity bond, and, long after five days had elapsed after the demand for the indemnity bond, he, the sheriff defendant, turned the property over to the owner; that, since the return on the execution referred to in plaintiff's complaint, the defendant, with leave of the court, made and filed an amended return on said execution, which was as follows: "County of Meagher—ss.: Office of the sheriff. Leave of court having been first obtained, I hereby make my amended return on the within execution, and certify that I received the within execution on the 26th day of May, 1893, and that I found no property, either real or personal, belonging to the defendant, in the said county of Meagher, out of which I could make the amount or the within execution, or any part thereof. James O'Marr, sheriff of Meagher County. Dated

this 6th day of February, 1894.'' Defendant denied all damage by any act of his, and says that he has withheld no money collected under said execution from the sale of any property that belonged to the defendant named in the execution. The replication denied that the piano levied on and sold was not the property of Emma Lyons; and, among other things, plaintiff denied that the defendant sheriff ever made or filed an amended return to the execution, or that he ever obtained leave of the court so to do, or that any return ever had been made by the sheriff, except the one set out in the complaint. The case was originally tried before Hon. Frank Henry, as judge, and was taken under advisement by him. Thereafter, and before Judge Henry rendered his decision, it appears that, to avoid the expense of another trial, the testimony as taken before Judge Henry was submitted to Hon. Frank Armstrong, with the agreement by all parties that Judge Armstrong might decide the case as if it had originally been tried before him. Judge Armstrong found from the pleadings and testimony that the judgment was duly rendered in the justice's court for Townsend township, of Meagher county, Mont., in favor of McCarthy and against Emma Lyons, and that in said case, and prior to the judgment, there had been an attachment issued and levied upon a piano in the possession of the agent of defendant in that suit, Emma Lyons; that the sheriff sold the piano under the execution, and that about the time of the sale he returned the money to the purchaser, and released the property to the Capital City Music Company, and that in turning over the property levied upon under the execution to the said Capital City Music Company, and returning the money to the purchaser, he acted wholly without the advice or consent of plaintiff, and that the justice of the peace had never granted the sheriff leave to amend his return upon the execution; and that, as a matter of fact, the sheriff had never filed any amended return with the justice. As a conclusion of law from these findings, Judge Armstrong decided that the sheriff's act in turning the piano over to the Capital City Music Company, and the money to the purchaser, was unwarranted, and

did not release him from his obligation to pay over to the plaintiff, and also that, as sheriff, defendant would have no authority to amend his return, and that, therefore, the plaintiff should recover. Judgment was entered for plaintiff. The defendant requested the court to find that the piano was seized by the sheriff at the request and by the order of plaintiff in the suit of *McCarthy* v. *Lyons*, and that the piano was at no time the property of Emma Lyons, but was always the property of the Capital City Music Company, and that defendant did not know that the piano was not the property of Emma Lyons until after the sale of the same by him as sheriff. The memorandum attached to the defendant's request, and subscribed by Judge Armstrong, is as follows:" * * * The foregoing facts were established by the proof as admitted by the court at the trial, but, in my opinion, was erroneously admitted, and for this reason I did not consider the same in making up my findings in the case; but, in order to allow the defendant to present the record fully, I hereby annex these findings at his request." The appeal is from the judgment in favor of plaintiff and against defendant.

*Smith & Gormley*, for Appellant.

*Fletcher Maddox*, for Respondent.

Hunt, J.—It is clear, by Judge Armstrong's memorandum attached to defendant's request for findings, that the proof on the trial of the case was to the effect that the plaintiff in the suit of *McCarthy* v. *Lyons* directed the defendant herein, as sheriff, to levy upon the piano as the property of Emma Lyons, and that the sheriff did so, and sold the same, without any knowledge of the admitted fact that Emma Lyons had no interest whatever in the property so levied upon and sold. It was also proved that after the sale, and before his return of the execution, the sheriff first found out that Emma Lyons was not the owner of the piano, and that thereupon he delivered the same to the Capital City Music Company, the real owner, and returned the money he had collected on the sale to

the purchaser thereat.    Upon these proofs, we do not understand that the learned judges who presided in turn during the various stages of the trial of the case disagree.    The record and its recitals, by Judge Armstrong, that the proofs were as defendant requested the court to find, justify this statement. But we do understand that they are much at variance with one another both as legal competency of such proofs, and as to the legal effect to be given them if competent.    It appears to us that the wrong complained of by plaintiff (respondent) is the failure of the sheriff to turn over to plaintiff a sufficient amount of money realized from the sale of the piano to satisfy the execution issued in the case of *McCarthy* v. *Lyons*; and we are satisfied that, under the answer of defendant, he could prove that the piano was not the property Emma Lyons when attached, nor ever after, and that such proof would be competent evidence that defendant is in no default, but would have been guilty of conversion had he complied with plaintiff's wishes and paid him the money.    We therefore think the evidence of defendant upon this branch of the case was properly admitted on the trial, but improperly disregarded in the findings adopted.    It is well established that an officer is under no duty—indeed, he has no right—to execute a process delivered to him for service by seizure of the property of a person against whom the process does not run.    (*Gallup* v. *Robinson*, 11 Gray 20.)    Furthermore, if a sheriff fails or omits to levy an execution upon goods which did not at the time of the attachment, or afterwards, belong to the debtor, though they had been attached as the property of the debtor, he will not be guilty of any negligence or misconduct at law, and the creditor has no cause of action therefor.    And in such an instance it is a good defense, where the officer is sued, to prove paramount title in another.    (*Canada* v. *Southwick*, 16 Pick. 556; *Governor* v. *Gibson*, 14 Ala. 326.)    This doctrine is reasonable, for, if the judgment debtor in truth has no personal property within the county of the sheriff, why should that officer, assuming he has acted in good faith, be required to pay the judgment of the attaching creditor ?    (*Lummis* v. *Kasson*,

43 Barb. 373.) The statute (section 320, div. 1, Compiled Statutes 1887), as if to protect a sheriff against liability in trespass for levying upon the personal property of a third party, if such a party claims the property seized, makes it obligatory upon that official to deliver the property levied upon to the claimant, after notice, unless the plaintiff gives him a good bond to indemnify him against loss or damage by reason of holding such property. And if he must turn over property levied upon, when claimed on oath by a third person, unless indemnified, on what principle should he be compelled to apply the proceeds of the sale of the property of a third person towards payment of the debt of the creditor, where he, in all good faith, has only ascertained after such sale that the property has always belonged to a third person, and never did to the judgment debtor? The learned judge who made the findings and conclusions of law in the case upon which judgment was predicated doubtless recognized these principles above stated, but believed that they were inapplicable to the facts, because the sheriff, having made a return of a levy and sale of the piano as the property of Emma Lyons, was estopped from afterwards saying that it was not her property, and hence his payment of the proceeds to the purchaser, and his return of the piano to the Capital City Music Company, were unauthorized by law, and did not release him from his obligation to pay the amount of the plaintiff's judgment to him. The judge was also of the opinion that the sheriff had no authority "to amend his return as attempted by him to be done, as it would have been amending such return so as to state the facts different from what they really were; and, as a legal proposition, an officer can only amend his return so as to make the return correctly set forth what was actually done, and not to change the attitude or status of the parties." But, if we concede that the officer could not make the amended return he did, because it contradicted the fact of a levy and sale, —a proposition which we need only concede for the purposes of this opinion,—we nevertheless believe that his defense of paramount title was admissible notwithstanding the first re-

turn he made.    By it the sheriff recited the actual facts of his
levy and sale, and of his subsequent return of the money to
the purchaser because the piano did not belong to the defend-
ant named in the execution.    There is nothing inconsistent
with this return and the fact proved, that the knowledge that
Emma Lyons did not own the piano only came to him after
the execution sale.    So that his attitude upon the trial and as
disclosed by his return are not in conflict with one another;
and the return, so far as it goes, conforms to the proof.    The
case is thus brought within the rule laid down in *Hopkins* v.
*Chandler,* 17 N. J. Law, 299, that a sheriff is not, by levy
and sale, estopped from denying the plaintiff's right to the
proceeds of the sale, nor from showing that the property sold
under the plaintiff's execution was not the defendant's, nor
liable to such levy and sale.    We quote the following perti-
nent language from the opinion of Chief Justice Hornblower
in that case :    "It comes then to this question :  Can a sheriff,
after levying upon property and selling it under an execution,
withhold the money from the plaintiff, and successfully resist
an amercement for not paying it over, upon the ground that
the property levied upon and sold by him belonged to other
persons than the defendant, and were not liable to the plaint-
iff's execution ?    An amercement comes in the place of an ac-
tion at law for money had and received, and if, in such an ac-
tion, the facts stated in the case were clearly proved or ad-
mitted, we should have no difficulty, perhaps, in saying the
plaintiffs ought not to recover.    It would seem to be unrea-
sonable, if a sheriff by mistake should sell property not liable
to a plaintiff's execution, that he should be compelled to pay
the money to the plaintiff, and be left to respond to the owner
of the property.    And, upon this view of the subject, there
would seem to be no good reason why, in a plain case, such as
this strikes me to be, we should not, upon a motion for
amercement, make a similar decision.    *  *  *  The first
question, then, is whether the sheriff is estopped by his levy
and sale from denying the plaintiff's right to this money ?    I
think not.    In an action against him, he would be at liberty to

show that the property was subject to prior liens which had exhausted the proceeds; and I can see no reason why he might not be permitted to show that he levied and sold by mistake, under the plaintiff's execution, property that was not liable to such seizure and sale." (See, also, *Harris* v. *Kirkpatrick*, 35 N. J. Law, 392; Crock. on Sheriff, § 853; *Commonwealth* v. *Booker*, 6 Dana 443; Freeman on Executions, § 304.) It may be that a sheriff cannot, by averments of his pleading, impugn the verity of his official return; yet he is often allowed to prove other facts consistent with it, but tending to exonerate him from a liability apparently created by it. (Murfree on Sheriffs, § 868.) But, as explained, this is not a case where a sheriff seeks to falsify his return on an execution by evidence, but rather one where he has made a special return of facts, and by his evidence fully explains those facts; and this, as against the judgment creditor suing, we think he may do, either in action for money had and received, or for a false return. *Lummis* v. *Kasson*, 43 Barb. 373; *Fuller* v. *Holden*, 4 Mass. 498; *Canada* v. *Southwick, supra; Shotwell* v. *Hamblin,* 23 Miss. 157; *Bank* v. *Benham*, 23 Ala. 143; *Evans* v. *Davis*, 3 B. Mon. 344; *Baker* v. *M'Duffie*, 23 Wend. 289; Alderson on Judicial Writs, page 578; Freeman on Executions, § 366; *Decker* v. *Armstrong*, 87 Mo. 316.

In conclusion, we find appellant's defense is well supported by reason and authority. The judgment is therefore reversed, and the cause remanded, with direction to enter a judgment for the defendant.

*Reversed.*

Pemberton, C. J., and Buck, J., concur.